ABRAHAM ROTHSCHILD, Appellant, *v.* CLARENCE WHITMAN, WILLIAM CREIGHTON and CHARLES WHITMAN, Respondents, Impleaded with Others.

*Malicious prosecution — action for — counter-claim for damages resulting from the deceit because of which the prosecution was instituted — demurrer thereto sustained.*

In an action to recover damages for an alleged malicious prosecution and arrest of the plaintiff, the complaint alleged that the order of arrest was duly vacated by the court, upon the ground that the same was illegal, and that the proceedings were finally determined in favor of the plaintiff against the defendants.

To this complaint the defendants interposed a counter-claim, consisting of a cause of action for deceit upon the part of the plaintiff, in that he induced the defendants to sell goods on credit by false representations, which was alleged in the answer to have constituted one of the causes of action for which the prosecution of the plaintiff was instituted.

The plaintiff demurred to the counter-claim on the ground that it did not arise out of the same transaction and was not connected with the subject-matter of the action.

*Held,* that the demurrer should be sustained.

That the plaintiff's cause of action was in tort for a personal injury, and that defendants' claim arose upon a contract.

Appeal by the plaintiff Abraham Rothschild from an interlocutory judgment overruling a demurrer to the defendants' answer, entered in the office of the clerk of the county of New York on the 19th day of February, 1890, with notice of an intention to bring up for review upon such appeal the order overruling the demurrer, entered in the said action on the 11th day of February, 1890.

The issue of law arising upon the demurrer of the plaintiff to the counter-claim of the defendant Clarence Whitman was tried at a Special Term of the Supreme Court held in the county of New York, at which it was ordered that the defendant Clarence Whitman have an interlocutory judgment overruling the said demurrer, with costs, and with leave to the plaintiff to withdraw his demurrer and put in a reply within twenty days on payment of costs, otherwise the said defendant to have final judgment.

*Otto Horwitz,* for the appellant.

*J. A. Davenport,* for the respondents.

Brady, J. :

This action was brought by the plaintiff against sixteen defendants to recover damages for unlawfully, wrongfully and maliciously commencing an action against him and for causing to be issued against him an order of arrest and thereafter causing him to be taken into custody by the sheriff of the city and county of New York.

The complaint alleges that the order of arrest was duly vacated by this court upon the ground that the same was illegal, unauthorized and without jurisdiction to grant the same, and that the defendants were consequently discharged and the proceedings finally determined in favor of the plaintiff against the defendants by order of the court.

The defendants Whitman and Creighton appeared and served a separate answer, setting up a counter-claim in their favor as against the plaintiff for a sum named. The counter-claim set up a cause of action for deceit against the plaintiff in inducing the defendants to sell goods on credit by false representations, and which the answer alleged constituted one of the causes of action for which the prosecution of the plaintiff, which is the subject of this action, was instituted; and that the vacating of the order of arrest was not on the merits, but because of a misjoinder of causes of action and of parties. To this counter-claim the plaintiff demurred for the reason that it did not arise out of the same transaction and is not connected with the subject-matter of the action, and is not, therefore, of such a character as required by section 501 of the Code.

The learned justice in the court below held that the plaintiff having alleged malice and want of probable cause, and by the demurrer having admitted that the arrest was for a cause of action which entitled the defendants to an order of arrest, was estopped from asserting, as matter of law, that there was no connection between the causes of action set out; and, further, that the question of connection should be left for decision at the trial, where it would present itself either in the form of a question of law or a question of fact. This latter view is based upon the proposition that if the action was conducted as one for false imprisonment only, the counter-claim might not be admissible, while, on the other hand, if it should be conducted as one for malicious prosecution the counter-claim might be received.

The allegations in the complaint of malice and want of probable

·cause are sufficient to present a claim for malicious prosecution. It is well settled that if a complaint is susceptible of two meanings, the one most unfavorable to the pleader must be accepted by him upon his demurrer. (*Clark* v. *Dillon*, 97 N. Y., 370.) The defendants had a right, therefore, to proceed upon the proposition that this action is one for malicious prosecution. Is the counter-claim, therefore, one connected with the subject-matter of the action?

It is admitted by the demurrer that the order of arrest was based upon the charge of deceit and fraudulent representation, and this would seem to establish the legal result that it is a cause of action arising out of the transactions set forth in the complaint as the foundation of the plaintiff's claim and connected with the subject of that action.

In the case of *Carpenter* v. *The Manhattan Life Insurance Company* (93 N. Y., 552) a kindred question was disposed of. It was an action for an alleged wrongful conversion of a quantity of wood. The defendant set up as a counter-claim, in substance, that it held a bond and mortgage as collateral upon certain lands which were insufficient security, and the obligor was insolvent, and that plaintiff, being a second mortgagee in possession of the lands with knowledge of the facts and with intent to reduce and deprive defendant of its security and to defraud it, wrongfully cut the wood in question from the land, thereby wasting the land, etc., to defendant's damage, and that on the foreclosure of defendants' mortgage and sale thereunder a large deficiency was left. The court, Earl, J., said: "The transaction set forth in the complaint was the conversion of the wood, and hence it cannot be said that the counter-claim arose out of that transaction. But was it not connected with the subject of the action? The word 'connected' may have a broad .signification. The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine. The counter-claim must have such a relation to, and ·connection with, the subject of the action, that it will be just and ·equitable that the controversy between the parties, as to the matters .alleged in the complaint and in the counter-claim, should be settled in one action by one litigation.; and that the claim of the one ·should be offset against, or applied upon, the claim of the other.

Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counter-claim was for damages sustained by the defendant, in the wrongful impairment of its security by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counter-claim its damage for the severance of the wood against the plaintiff's claim for the conversion thereof. In the forum of conscience the plaintiff was under obligation to restore the wood to the defendant as a portion of its security for its claim against the mortgagor."

In the forum of conscience it might, perhaps, be said here, the plaintiff is under the obligation of recognizing the claim of the defendants arising from his fraudulent conduct. This view is strengthened by the case of the *Glen & Hall Manufacturing Company* v. *Hall* (61 N. Y., 226), in which it was declared that the policy of the Code of Procedure required a liberal construction of section 150, to the end that controversies between the same parties should be settled in one action.

But, nevertheless, whether this can be done or not depends upon the statute, and the counter-claim set up, if not within the provisions of section 501 of the Code of Civil Procedure, cannot be maintained. It is not. The arrests from which the plaintiff suffered were upon process which was unauthorized, and each one of them was a separate and distinct wrong, connected with no other subject than the unlawful arrest. The reasons why such a defense might have been allowed sufficiently appear, if the legislature had permitted it, but they have not, and without that sanction it has no place in a controversy like this. It does not grow out of any transaction, because a transaction *eo nomine* involves the operation of two minds at least, or out of a contract which requires the concurrence of two minds at least; and it is not connected with the subject-matter of the action, which is not a transaction or contract, but a wrong done by the attempted enforcement of a contract in an illegal mode. The cause of action here is for a tort or personal injury. The defendants' claim arises upon a contract legal and enforceable if the proper methods be adopted. They are, therefore, wholly separate and distinct and not connected. The only and remote connection between them, it may be said, is

that one caused the other, that is, the attempted but illegal enforcement of one gave rise to the other, and they exist, therefore, independently of each other.   If the plaintiff had judgment herein and the defendants had judgment on their claim, and an application were made to set them off, there would be a different condition presented for consideration, which might be attended by a different. result.

For these reasons the interlocutory judgment appealed from must be reversed and judgment ordered for plaintiff sustaining demurrer, with leave to defendants to amend within the usual time on payment of the costs of the demurrer and of the appeal.

VAN BRUNT, P. J., concurred in result.

DANIELS, J. :

I agree that the counter-claim set up in the answer, to which the demurrer has been directed, is not connected with the subject of the action in any legal sense, and has not arisen out of the same transaction.   And that the interlocutory judgment should be reversed, and that the plaintiff should have judgment sustaining the demurrer, with leave to the defendants to amend in the usual time on payment of costs of the demurrer and of the appeal.

Interlocutory judgment reversed and judgment ordered for plaintiff sustaining demurrer, with leave to defendants to amend on payment of costs of the demurrer and of the appeal.