(33 Misc. Rep. 428.)

### PROSSER v. CARROLL.

(Supreme Court, Special Term, Oneida County. December, 1900.)

1. PLEADING—COUNTERCLAIM.
    Under Code Civ. Proc. § 501, permitting defendant to counterclaim on a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, defendant cannot base a counterclaim for damages for an assault on the same state of facts on which plaintiff bases his action for an assault against him, the statute contemplating two causes of action, one in favor of each party.

2. SAME.
    A counterclaim on the same state of facts is not permissible, since the Code requires the facts constituting the counterclaim to be "new matter."

Action by George Prosser against Thomas Carroll. Demurrer to counterclaim. Sustained.

D. F. Searle, for plaintiff.
A. D. Kneeland, for defendant.

HISCOCK, J. This action is brought to recover damages for an alleged assault by defendant upon plaintiff. Defendant, by his answer, among other things, alleges that upon the occasion complained of by plaintiff the latter conducted himself improperly; that the defendant undertook to maintain and defend his rights, and that plaintiff assaulted him, and that the occurrences leading up to and resulting in such assault are the same ones complained of by plaintiff in his complaint; and said defendant demands an affirmative judgment for his damages. Plaintiff insists that defendant cannot set up and allege such an assault as the foundation for a counterclaim in this action, brought to recover damages for an assault. The question does not seem to have been the subject of such

clear determination, under the present provisions of the Code, as might have been expected. It involves a consideration especially of section 501, which provides, in substance, that a defendant may set forth a counterclaim which tends in some way to diminish or defeat the plaintiff's recovery, and which must be (so far as a case like the one at bar is concerned) "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." There is no doubt that the counterclaim set forth by defendant tends to diminish or defeat the plaintiff's recovery, and there is no doubt that in a proper case one tort may be set forth as the basis of a counterclaim in an action brought to recover damages for another tort. The question is whether the alleged assault and battery set forth in defendant's answer arises "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or is connected with the subject of the action." I have reached the conclusion that it does not come within these provisions, and comply with the necessary conditions therein prescribed. The summary of the allegations of the complaint and answer by which this question is to be determined is that there was an encounter between these parties, and that the plaintiff claims that such an encounter amounted to an assault upon him, while the defendant claims that it constituted one upon him. The parties are manifestly talking about the same occurrence, but each one puts a different construction upon it, and seeks to have drawn directly opposite conclusions. It does not seem to me that it can be said, under these circumstances, that defendant alleges a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, within the meaning of the Code. As applied to this subject of counterclaims, the Code contemplates two distinct causes of action, one in favor of each party. If we assume the rather unusual occurrence of two distinct assaults, one by the defendant upon the plaintiff, and then another by the plaintiff upon the defendant, it is difficult to still further assume that, in a legal or logical way, the latter assault could arise out of the transaction which the plaintiff would set forth as the foundation of his claim, or be connected with the subject of the action. Ordinarily, at least, the acts leading up to and constituting an assault upon one party by the other would be completed and terminated by that assault. That would be the end of the transaction which that assaulted party could or would set forth as the foundation of his claim. If, then, he should turn around, and assault the first aggressor, it would, ordinarily, at least, be a new and independent wrongful act, which would have no legal connection with the first assault. In framing a complaint to cover the first assault, "the transaction set forth in the complaint as the foundation of the plaintiff's claim" would naturally, it not necessarily, comprise what took place before the assault was committed, and would not include what took place afterwards, and out of which a second assault, with parties reversed, might arise. The precise question here involved was de-

cided in favor of the demurrer in Schnaderbeck v. Worth, 8 Abb. Prac. 37, and, while that case was decided before the section of the Code under consideration assumed the precise form in which it now runs, its general reasoning is still applicable. See, also, Pom. Code Rem. § 490; Railway Co. v. Van Auken, 1 Ind. App. 492, 27 N. E. 119. The latter case involved the construction of statutory provisions substantially like those of our Code. The case of Carpenter v. Insurance Co., 93 N. Y. 552, which is especially relied upon by defendant as an authority in this action, and in which defendant was allowed to set up a counterclaim for tort in an action brought to recover for tort, is different from this action. It is true, it is there said:

"The word 'connected' may have a broad signification. The connection may be slight or intimate, remote or near, and where the line shall be drawn it may be difficult sometimes to determine. * * * Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counterclaim was for damages sustained by the defendant * * * in the wrongful impairment of its security, by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counterclaim its damage for the severance of the wood against the plaintiff's claim for the conversion thereof."

But that case assumed that the cause of action set forth in the complaint might exist and might be established, and that some of the very facts set out in the complaint might serve as a basis for establishing a counterclaim, and that the two causes of action would be so related and connected with each other as to come within this provision of the Code. But there is another view of this case, which, I think, puts it outside of the provisions of the Code under review. As already suggested, those provisions contemplate two causes of action,—one in favor of the plaintiff, and another sustaining certain relations to it in favor of the defendant. The defendant in this case distinctly repudiates the idea that there may be, by any possibility, two causes of action. It is not the ordinary case where a defendant denies the facts and liability set forth by plaintiff as the basis of his complaint, and then, as provided by the Code, sets forth "new matter constituting * * * a counterclaim." By his answer, he takes certain occurrences, which he expressly states are the same ones referred to by plaintiff, and says that they constituted and resulted in an assault upon him, instead of upon the plaintiff. The parties are talking about the same transaction, and they only claim one cause of action between them. The only question is in whose favor it exists. It would not be permissible, under the pleadings, for the court to allow a jury to find a cause of action in favor of each party. It would be its duty to instruct for a verdict against one of the two parties who should be found to have been the wrongdoer. How, then, can it be said that defendant has set up a counterclaim consisting of "new matter," which can be opposed to another cause of action existing in plaintiff's favor. As was suggested by the court in Rothschild v. Whitman, 57 Hun, 135, 10 N. Y. Supp. 427, in a case like this it would, doubtless, be a matter of practical convenience and justice to allow each party to set forth

his version of the transaction, and to permit a disposition which would settle all of the rights of the parties as between each other; but, whether this can be done or not depends upon the statute, and the latter cannot be overridden by considerations of convenience, or even of justice, as between the parties in this particular case. The case of Heigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497, was one which involved largely the same principles as are involved here. A collision took place between the plaintiff and the defendant upon the highway. Plaintiff sued the defendant for negligence in colliding with him. The defendant concededly, referring to the same transaction, said that he had not been guilty of negligence, but that the plaintiff had carelessly run into him, and that he was entitled to judgment for damages. The court held that the counterclaim was well set forth, saying:

"The cause of action here pleaded as a counterclaim was, on its face, one arising out of the same transaction set forth in the complaint as the foundation of the plaintiff's action, viz. the collision on the highway between the two wagons driven, respectively, by the plaintiff and the defendant. It was a transaction in respect to which the plaintiff alleged negligence on the part of the defendant and damages to himself, and the defendant vice versa."

I refer to this case and opinion as helping to illustrate somewhat the decision rendered by the court in the next case to be referred to. Sheehan v. Pierce, 70 Hun, 22, 23 N. Y. Supp. 1119, was an action for slander. The plaintiff claimed that the defendant had slandered him, while the defendant set forth a counterclaim, claiming that the fault and offense had proceeded from the other side. Both parties were talking about the same transaction. The court, after referring to the case last cited, and various other cases and authorities which seemed to favor the conclusion that defendant's counterclaim might be said to have arisen out of the same transaction as that set forth in the plaintiff's complaint, or might be said to be connected with the subject of the action, reached the conclusion that the slander pleaded by the defendant as a counterclaim could not be said to have arisen out of the transaction set forth in the complaint, within the meaning of the sections of the Code referred to. That case was a stronger one in favor of the counterclaim than this case. It is entirely possible to conceive of a verbal encounter between two parties, in which one would utter slanderous words of the other, and the latter then turn around and commit a similar offense against the first. A state of facts might thus arise of successive offenses, which is not permissible under defendant's theory of this case. I cannot find that the determination of the case last cited has been in any manner reversed or modified. Plaintiff's demurrer is sustained, with $20 costs and taxable disbursements.

Demurrer sustained, with $20 costs.