### FLIESS v. HOY et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. SET-OFF AND COUNTERCLAIM (§ 23*)—SUBJECT-MATTER—CLAIM FOR SAME RELIEF—STATUTORY PROVISIONS—"COUNTERCLAIM."

Code Civ. Proc. § 501, defines a counterclaim as a claim tending to diminish or defeat plaintiff's recovery in favor of defendant or defendants between whom and plaintiff a separate judgment may be had in the action and which must be in an action which arises out of the contract or transaction set out in the complaint or connected with it. In an action by plaintiff individually as executor of his deceased father, and as devisee under the will of his deceased mother of one-half the shares of a corporation of which his father had been president, claiming that his mother was the beneficial owner of such shares, and that such ownership carried with it a half interest in bank notes and securities of his deceased father as a part of the assets of the company, and asking for a dissolution of the company, a determination of the ownership of its shares, an accounting and distribution of its assets, and an account by the respective executors of his deceased father and mother. Defendants pleaded as a counterclaim a cause of action for an accounting by the executors of plaintiff's deceased mother, a cause of action for an accounting by the plaintiff as executor of his father for moneys belonging to the plaintiff's sisters and intrusted to the father for investment and a representative action on behalf of the corporation organized, after the death of plaintiff's mother, to compel

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, as president, to account to it for certain alleged wrongful acts. *Held*, that the first cause of action pleaded as a counterclaim was not a proper counterclaim, since it was for the same relief as that sought by the plaintiff.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 38; Dec. Dig. § 23.*

For other definitions, see Words and Phrases, vol. 2, pp. 1645–1650; vol. 8, pp. 7620–7621.]

2. SET-OFF AND COUNTERCLAIM (§ 23*)—SUBJECT-MATTER—DAMAGES ARISING FROM TORT—"COUNTERCLAIM."

In such action defendant's representative action on behalf of the corporation to compel the plaintiff as president to account to it for certain alleged wrongful acts could not be set up by way of counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 38; Dec. Dig. § 23.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—CLAIMS CONNECTED WITH SUBJECT OF ACTION—"COUNTERCLAIM."

In such action, defendant's cause of action for an accounting by plaintiff as executor of his father for money belonging to his sisters intrusted to the father for investment was properly pleaded as a counterclaim under Code Civ. Proc. § 501, since it was connected with the stock of the corporation, the subject of the action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

4. SET-OFF AND COUNTERCLAIM (§ 23*)—SUBJECT-MATTER—TENDENCY TO DIMINISH OR DEFEAT PLAINTIFF'S RECOVERY—"COUNTERCLAIM."

In such action a defendant's cause of action for an accounting by the plaintiff, as executor of his father for moneys belonging to his sisters intrusted to the father for investment, was properly pleaded as a counterclaim under Code Civ. Proc. § 501, since it tended to diminish or defeat the plaintiff's action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 38; Dec. Dig. § 23.*]

5. PLEADING (§ 204*)—DEMURRER TO PLEADING GOOD IN PART.

A demurrer to the whole on a counterclaim good in part is properly overruled.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

Appeal from Special Term, New York County.

Action by William M. Fliess, individually and as executor, etc., of William M. Fliess, deceased, against Robert T. Hoy and others. From an interlocutory judgment entered on a decision of Special Term, plaintiff appeals. Affirmed, with leave to plaintiff to withdraw demurrer, and to reply on payment of costs.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

William W. Mumford, of New York City, for appellant.
Abraham Benedict, of New York City, for respondents.

MILLER, J. The real issue in this case has to be extricated from a mass of verbiage, but it may be briefly stated. The plaintiff's testator, William M. Fliess, was the president and sole manager of the Hollywood Company, a joint-stock association. He maintained bank accounts in the name of William M. Fliess & Co., and had a safe

deposit box rented in that name wherein he kept securities. He died leaving a last will and testament by which he gave all his property to his wife, Ange Post Fliess. Later she died, leaving a last will and testament by which she divided the shares of the said Hollywood Company among her three children, the plaintiff and her daughters, Anna T. and Ange, giving one-half to the plaintiff and one-quarter to each of the daughters. She divided her residuary estate equally among said three children. The plaintiff claims that she was the beneficial owner of all the shares of the Hollywood Company, and that the bank accounts kept in the name of William M. Fliess & Co. and the securities deposited in the safe deposit box, rented in that name, belonged to, and were a part of the assets of, the Hollywood Company, and that, therefore, the half interest in the stock of the Hollywood Company bequeathed to him by his mother will carry with it a half interest in said securities and bank accounts. The defendants, on the other hand, claim that the said William M. Fliess, Sr., was the beneficial owner of the shares of the Hollywood Company, and that the securities and bank accounts kept by him in the name of William M. Fliess & Co. were his individual property, and not a part of the assets of said company. The plaintiff asks for a dissolution of the said company, a determination of the ownership of its shares of stock, and an accounting between its members and a distribution of its assets, and an accounting by the executors of William M. Fliess, deceased, and by the executors of Ange Post Fliess, deceased. It may not be amiss to remind the parties that, irrespective of who was originally the beneficial owner of the bank accounts and securities in the safe deposit box, the intention of the testatrix, by whose will they were finally bequeathed, is not to be overlooked in determining what disposition she made of them.

The counterclaim is said to embrace three counterclaims: (1) A cause of action for an accounting by the executors of Ange Post Fliess; (2) a cause of action for an accounting by the plaintiff as executor of his father for moneys belonging to the plaintiff's sisters and intrusted to the father for investment; (3) a representative action on behalf of the corporation, the Hollywood Company, which was organized after the death of Ange Post Fliess to compel the plaintiff as president to account to the corporation for certain alleged wrongful acts.

[1] Manifestly the first cause of action is not a counterclaim to the plaintiff's cause of action, which is for the same relief.

[2] It is equally manifest that the third cause of action cannot be set up by way of counterclaim in this action. We think, however, that the facts stated under the second head do constitute a counterclaim.

[3, 4] The respondents allege that during the lifetime of the father the two daughters received legacies amounting to $8,700, which sum was intrusted to him for investment, and was invested by him in the purchase of 42½ shares of the Hollywood Company for each daughter. The respondents ask that the plaintiff as executor of the father account therefor. The question is whether those facts con-

stitute a counterclaim within the meaning of section 501 of the Code of Civil Procedure. A cause of action is stated against the father and hence against his representative, the plaintiff. It is connected with the subject of the action; i. e., the stock of the Hollywood Company. Does it tend to diminish or defeat the plaintiff's recovery?

The plaintiff claims that all the shares of the Hollywood Company belonged to the mother, and asks that a determination of the ownership thereof be made as between her legatees and her executors and the execution of the father. The respondents assert that 85 shares belonged neither to the father nor to the mother, but were held by the father as agent or trustee for the two daughters. The counterclaim, therefore, does tend to diminish or defeat the plaintiff's recovery. It diminishes pro tanto the subject of the main dispute. The respondents were called upon to assert their ownership of said 85 shares, and it was necessary for them to ask affirmative relief.

[5] We think, therefore, that the facts stated under the second head do constitute a counterclaim within the meaning of section 501 of the Code of Civil Procedure, and that, as the demurrer was to the whole counterclaim as pleaded, it was properly overruled.

The interlocutory judgment should be affirmed, with costs, with leave to the plaintiff to withdraw demurrer and to reply on payment of costs in this court and in the court below. All concur.