MARY UDOVICHKY, Appellant, *v.* JORDAN BACHEFF,
Respondent.

First Department, April 1, 1921.

**Libel — slander not pleadable as counterclaim or defense.**

In an action for libel slander cannot be pleaded as a counterclaim, a
defense, or a partial defense in mitigation.

APPEAL by the plaintiff, Mary Udovichky, from an order
of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New
York on the 14th day of December, 1920, denying plaintiff's
motion for judgment on her demurrer to certain defenses and
counterclaims, brought on and tried as a contested motion
under section 976 of the Code of Civil Procedure.

*Leonard Klein,* for the appellant.

*Rosalie F. Janoer,* for the respondent.

LAUGHLIN, J.:

The action is for libel in maliciously composing and mailing to
the plaintiff's husband a letter reflecting on her chastity. The
amended answer puts in issue the allegations of the complaint
with respect to the plaintiff's marriage and those charging
that he composed and mailed the letter and his purpose in
so doing, and pleads one separate and distinct defense, two
partial defenses by way of mitigation, two separate and
distinct defenses and the same facts by way of mitigation,
one separate and partial defense by way of mitigation, and
six separate and distinct defenses and counterclaims combined.
The plaintiff demurred to each of the six combined defenses
and counterclaims on the grounds that as defenses they were
insufficient and as counterclaims they were unauthorized, in
that they did not grow out of the transaction set forth in the
complaint, and are not connected with the subject of the
action; and also that they fail to state facts sufficient to
constitute a cause of action. The appeal, therefore, relates
only to the six combined defenses and counterclaims. The

counterclaims are all for slander. The complaint alleges that the libelous letter was written and mailed on or about the 14th day of August, 1920. In each of the first three counterclaims the defendant charges that the plaintiff slandered him the latter part of July, the fore part of August and in the month of September, 1920, respectively, by maliciously and falsely charging in the presence and hearing of divers persons that he kept his wife, who was a sane woman, in an insane asylum " to rid himself of her." In the other three counterclaims the plaintiff is charged with having maliciously and falsely stated in the presence and hearing of divers persons at three different specified times, which correspond as to dates with those referred to in the other counterclaims, that the defendant cohabited with his daughter. It is unnecessary to consider whether the counterclaims are sufficient in law, for it is quite plain that they are not authorized by section 501 of the Code of Civil Procedure. The complaint is in tort and none of the counterclaims purports to state a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or a cause of action connected with the subject of the action, which is the alleged libel. It is not even pleaded that the libel was provoked by the slanders, and manifestly it could not have been provoked by the slanderous words alleged to have been uttered after its publication; but by thus drawing attention to the absence of any allegation tending to show any connection between the slanders and the libel, I do not wish to be understood as implying that the counterclaims would have been proper if it had been alleged that the libel had been provoked by the slanderous utterances of the plaintiff. (See *Sheehan* v. *Pierce*, 70 Hun, 22; *Rothschild* v. *Whitman*, 132 N. Y. 472; *Prosser* v. *Carroll*, 33 Misc. Rep. 428.)

It is difficult to understand on what theory it is claimed that these alleged slanders of the defendant by the plaintiff constitute a defense to the action for libel. Plainly the alleged slanders subsequent to the libel could in no view constitute a justification therefor; and with reference to those which preceded the libel, it is not even charged that the libelous letter was written in answer thereto or was provoked thereby. (See *Maynard* v. *Beardsley*, 7 Wend. 560; *Lee* v.

*Woolsey*, 19 Johns. 319.)   The slanders are pleaded as complete defenses and not in mitigation, but they would not even constitute a partial defense in mitigation.   (*Hess* v. *New York Press Co.*, 26 App. Div. 73.)

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.