SECURITY TRUST COMPANY OF ROCHESTER, Individually and on Behalf of All Stockholders and Creditors of the PRITCHARD STAMPING COMPANY, etc., Plaintiff, *v.* ALBERT R. PRITCHARD and Others, Defendants.

Supreme Court, Monroe Special Term, March, 1924.

Corporations — stockholder's representative action — defendants cannot set up independent representative causes of action as counterclaims for acts not included in plaintiff's action — prior action by defendant is good objection to counterclaims — counterclaims do not state cause of action.

In a stockholder's representative action to recover property for the defendant corporation the defendants cannot set up independent representative causes of action as counterclaims to recover damages for the corporation for wrongful acts not included in the plaintiff's cause of action.

Such counterclaims are improper where the defendant has theretofore commenced an action covering the same causes of action set forth in the counterclaims.

The counterclaims in question are also objectionable on the ground that they do not state facts sufficient to constitute a cause of action.

MOTION to dismiss counterclaims.

*Wile, Oviatt & Gilman,* for defendant Barnard, for motion.

*J. M. E. O'Grady,* for defendants Pritchard and Pritchard Stamping Company, opposed.

*Hubbell, Taylor, Goodwin & Moser,* for defendants Frederick and Lincoln National Bank.

*Harris, Beach, Harris & Matson,* for defendant Wile.

RODENBECK, J. This action is a stockholder's representative action to recover property for the defendant, the Pritchard Stamping Company, which plaintiff claims has been wrongfully diverted from the company by defendant Pritchard. The defendant Pritchard and the Pritchard Stamping Company in their answers each set up independent causes of action as counterclaims, one in the nature of a stockholder's representative action and the other by the corporation itself to recover damages for wrongful acts which they claim have been committed by the plaintiff and the defendants who are objecting to the sufficiency of the counterclaims. The question is whether in a representative action by a stockholder the defendants can set up independent representative causes of action as counterclaims to recover damages for the corporation for wrongful acts not included in the plaintiff's cause of action.

It would seem reasonable that such counterclaims could be set up but our practice is a statutory one and defendants are limited to such counterclaims as the statutory regulations permit. When the board of statutory consolidation reported a revision of the practice to the legislature in 1915 and again in 1919 it proposed a change in the rules relating to the interposition of counterclaims so as to permit any cause of action against the plaintiff or the one whom he represents to be pleaded in a counterclaim subject to a separate trial where it might be deemed expedient or necessary. Report 1915, § 19, r. 180; Report 1919, § 16, r. 127. This change in the practice, however, was not adopted by the legislative committee and the sufficiency of a counterclaim is still to be judged by the same rules substantially that existed prior to the passage of the Civil Practice Act.

The Civil Practice Act provides that a counterclaim must tend to diminish or defeat the plaintiff's recovery. Civ. Prac. Act, § 266. The counterclaims objected to in this instance have no such effect. They are claims independent of the cause of action set up in the complaint based upon an entirely different state of facts upon either of which causes of action a recovery might be had without affecting the other. Both the cause of action in the complaint and those in the counterclaims seek to restore to the corporation assets or their equivalent. The plaintiff might recover on its cause of action and the defendants Pritchard and the Pritchard Stamping Company might recover on their respective counterclaims without diminishing or defeating in the slightest respect the recovery by the plaintiff. *Lipman* v. *Jackson Arch. Iron Works,* 128 N. Y. 58, 63; *Grange* v. *Gilbert,* 44 Hun, 9; *National F. I. Co.* v. *McKay,* 21 N. Y. 191, 196.

Another test of the sufficiency of a counterclaim is that it shall

arise out of the same transaction out of which the plaintiff's cause of action arose. Where an action is brought upon a contract any cause of action on contract may be set up as a counterclaim, but where the cause of action is not one on contract the rule is that the counterclaim must arise out of the same transaction as that out of which the cause of action set forth in the complaint arose. The word " transaction " is a convenient term to cover the circumstances giving rise to causes of action that do not originate in contracts. The circumstances upon which plaintiff's complaint is based are the transfers made by the Pritchard Stamping Company to Pritchard of the property of the corporation and his subsequent disposition thereof, while the transactions out of which the counterclaims arise are the alleged mismanagement of the company during a period when the plaintiff and certain defendants are alleged to have been in control. The latter cause of action antedates the former and grows out of an entirely different state of facts. The counterclaims are, therefore, barred by the limitations imposed by the statute that they shall arise out of the. same transaction as that set forth in the complaint. *Udovichky* v. *Bacheff*, 195 App. Div. 860; *People* v. *Dennison*, 84 N. Y. 272; *Bradhurst* v. *Townsend*, 11 Hun, 104; *Fliess* v. *Hoy*, 150 App. Div. 555.

The counterclaims are also attacked upon the ground that the defendant Pritchard has heretofore commenced an action covering the same causes of action set forth in his counterclaims. This is a good objection if the causes of action and the parties are identical. Civ. Prac. Act, § 278, subd. 2; Rules of Civil Practice, rule 109, subd. 3, and rule 110, subd. 2. A prior action was instituted by defendant Pritchard against the plaintiff and the demurring defendants who still survive. There is no claim that the defendant Pritchard has any other cause of action than that set forth in his complaint in the prior action. The counterclaims that he sets up in the present action split up the cause of action set up in the prior action into two causes of action, but the causes of action set up in the counterclaims are embraced in the cause of action set up in his complaint and differ only as to the amount demanded which is not material in an equity action. The purpose of the rule barring counterclaims covered by other actions is to avoid a multiplicity of issues. A defendant having a valid counterclaim against a plaintiff is not required to set it up in his answer, but may begin an independent action, and having done so, the plaintiff in the former action is not permitted to repeat his cause of action as a counterclaim in the latter suit. This the defendant Pritchard has attempted to do.

The counterclaims set up by the defendant Pritchard in his

answer are also objectionable on the ground that they do not state facts sufficient to constitute a cause of action. Civ. Prac. Act, § 266. There is no allegation in the counterclaims that the Pritchard Stamping Company has assigned the claims to him and no language incorporating the allegations relating to the assignment contained in the seventh defense set up in his answer. In pleading the first counterclaim he reaffirms only admissions and denials and in the second counterclaim he reaffirms the admissions and denials previously set forth. The counterclaims are required to set out a complete cause of action and without allegations in them of the assignment or a proper incorporation of allegations of an assignment contained in other parts of the answer, the cause of action is defective. *Seibert* v. *Dunn,* 216 N. Y. 237; *American Ink Co.* v. *Reigal Sack Co.,* 141 N. Y. Supp. 549; *Pease Oil Co.* v. *Monroe Oil Co.,* 78 Misc. Rep. 285, 288; *Cragin* v. *Lovell,* 88 N. Y. 258, 262.

The counterclaims in the answer of the defendant Pritchard are dismissed upon all the grounds stated, and those in the answer of the Pritchard Stamping Company are dismissed upon all the grounds stated except the ground that there is another action pending, with ten dollars costs to each of the defendants separately appearing, to abide the event. So ordered.

Ordered accordingly.