JACOB RITTER, on Behalf of Himself and All Other Holders of Mountain Camp Holding Corporation Shares of Capital Stock of the Par Value of $100, Who Are Similarly Situated, and Other Persons Who May Have a Similar Right, and Who Desire to Intervene Herein, Appellant, *v.* MOUNTAIN CAMP HOLDING CORPORATION, Defendant, Impleaded with IDA ALPERT RITTER and JULIUS RITTER, Respondents.

First Department, November 19, 1937.

*Morway Picket* of counsel [*Sachs & Picket*, attorneys], for the appellant.

*Jerome I. Ziegler*, for the respondents.

COHN, J. The motion to strike out the counterclaims was based upon the ground that they were improperly interposed, it being asserted that " the said counterclaims constitute attempts to apply individual claims in cancellation of fiduciary liabilities."

Plaintiff, a stockholder of defendant corporation, Mountain Camp Holding Corporation, brings this derivative action against

the corporation and the defendants Ida Alpert Ritter and Julius Ritter, officers and directors thereof. The complaint alleges that the corporation owned certain premises employed for camp and hotel purposes; that the individual defendants as officers and directors of the corporation mismanaged the company and wasted its assets; that they permitted the Ritter Camp Corporation, of which they are stockholders and directors, to occupy the premises of the defendant corporation without paying any rent therefor; that they willfully refused to enter upon a lease of the corporate defendant's property negotiated by plaintiff; that as a consequence thereof the corporation's real property was rendered unproductive; interest and taxes accumulated, and a mortgage on the property was foreclosed by the first mortgagee; that for the benefit of one of them, the individual defendants secretly negotiated with the mortgagee for the purchase of the premises after foreclosure proceedings with the intent of wiping out the interest of the plaintiff and others.

In his prayer for relief plaintiff asks that the individual defendants account to the corporation for damages sustained by reason of their acts of mismanagement and that a full disclosure of the contract negotiated with the mortgagee be made and that plaintiff for the corporation have the right to elect to hold said contract in trust for the corporation.

The answer of defendant Ida Alpert Ritter, which denies the material allegations of the complaint and which alleges in one of its defenses that Mountain Camp Holding Corporation became insolvent on February 28, 1935, also sets forth three counterclaims. In the first, this defendant demands judgment in the sum of $1,500 for a loan made to the corporation on a promissory note; in the second she claims $150 for another loan and in the third she demands $2,000 for money paid out and expended at the request of, and for the use of the corporation. The answer of the other defendant, Julius Ritter, her husband, is practically identical with that of his wife save that his counterclaim is for $1,000 based upon an agreement with the corporation to pay him a salary of $500 per year for the years 1935 and 1936.

Appellant contends that these counterclaims of the individual defendants against the corporation should be stricken out because the individual defendants are attempting thereby to offset these obligations against wrongs perpetrated by them upon the corporation; that as the corporation is now insolvent they would thereby obtain an unlawful preference over other creditors of the corporation. (Stock Corporation Law, § 15.)

Respondents urge that section 266 of the Civil Practice Act (added by Laws of 1936, chap. 324, in effect Sept. 1, 1936)

authorizes the interposition of these counterclaims. This section is broad in scope. It reads as follows: "A counterclaim may be *any* cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable." (Italics ours.)

The comprehensive language used indicates an intent on the part of the Legislature to eradicate the limitations upon the interposition of counterclaims that had theretofore existed to the end that parties to a law suit might litigate all differences at one trial. However, it was equally the legislative purpose to permit the court in the interests of justice to strike out a counterclaim whenever it deems it proper to do so, for the same statute (Civ. Prac. Act, § 262, as amd. by Laws of 1936, chap. 324) provides as follows: "A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable; *provided that the court may in its discretion, whenever the interests of justice require,* order a severance of the action or separate trials, or *strike out the counterclaim without prejudice to the bringing of another action."* (Italics ours.)

In an action brought to recover damages from officers and directors of a corporation for misfeasance and nonfeasance in the management of its business, such officers and directors may not offset debts due them individually from the corporation in cancellation of their liability as fiduciaries, where, as here, the corporation is claimed to be insolvent. (*Morris* v. *Windsor Trust Co.,* 213 N. Y. 27; *Britton* v. *Ferrin,* 171 id. 235; *Irving Trust Co.* v. *Gunder,* 234 App. Div. 252, 255; *Goldstein* v. *Goldsmith,* 235 id. 744; *Walker* v. *Man,* 142 Misc. 288.) In *Morris* v. *Windsor Trust Co.* (*supra,* at p. 29) Judge CARDOZO stated the rule as follows: "I think the set-off is without sanction, either statutory or equitable. A wrongdoer who has misapplied the subject of a trust is not entitled, either under the Bankruptcy Act or under the rules of equitable set-off, to apply a credit that belongs to him in his own right in cancellation of his liability as a fiduciary."

If plaintiff sustains the allegations of his complaint and establishes mismanagement, waste and wrongdoing by the individual defendants, the wrongdoers should not be permitted to recoup their claims by a setoff of their demands against those in behalf of the corporation based upon breaches of defendants' fiduciary duty, particularly where the corporation is claimed to be insolvent. "Directors who unlawfully have appropriated assets of a corporation are not entitled to share in the distribution of such

assets recovered from themselves, on the ground that they too are creditors of the corporation." (*Goldstein* v. *Goldsmith, supra.*) An allowance of the counterclaims interposed by the individual defendants would in effect grant them a preference over creditors of the corporation and thus permit these fiduciaries to reap a benefit which would be denied them in the faithful performance of their trust.

We are accordingly of the opinion that the counterclaims interposed in this action should be stricken out without prejudice to the bringing of independent actions to enforce them.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.