Louis G. Deeb, Appellant, v. Wadie N. Goryeb, Respondent.

First Department, November 17, 1939.

*Robert E. Perin*, for the appellant.

*Harold Weill* of counsel [*Leon & Weill*, attorneys], for the respondent.

Townley, J. The complaint in this action alleges that plaintiff and defendant are tenants in common of a leasehold on premises 46 Greenwich street, Manhattan, and asks for a partition thereof. As an affirmative defense to the action the defendant pleads that on the 4th of March, 1937, plaintiff and defendant entered into

a written agreement, pursuant to the terms of which the defendant is designated as the person who shall "take care of all services requisite to properly operating and carrying on the leased premises, and to be in charge of all employees necessary to properly operate the premises and over the manager or collector of rents thereof." Defendant then alleges that prior to February 1, 1939, plaintiff refused to allow the defendant to actively operate and manage the property and to control the collection of rents, although due demand was made, and that pursuant to the agreement, the defendant still is entitled to operate and manage the property and to control the collection of rents. The defendant then demands judgment dismissing the complaint.

The agreement pleaded is attached to the answer. It shows an agreement of joint venture between tenants in common of a leasehold and contains provisions governing the management of the property during the term of the lease. The agreement that defendant was to manage the property was of no financial value because it is specifically provided therein that neither of the parties thereto should receive any compensation for services rendered in connection with the property. There was nothing in the contract binding either party not to demand a partition. As a joint venture the arrangement could be terminated by either party at will. (*Armstrong* v. *Rickard*, 199 App. Div. 880; *Burnstine* v. *Geist*, 257 id. 792.) As tenants in common, there is a statutory right to partition at any time and the breach of a collateral agreement governing the management of the property would constitute no defense thereto.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.