ATLANTIC GULF AND WEST INDIES STEAMSHIP LINES, Plaintiff, v. CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, October 30, 1946.

*Inzer B. Wyatt* for plaintiff.

*John J. Bennett, Corporation Counsel (Albert S. Hartman* of counsel), for defendant.

PECORA, J. Plaintiff moved to dismiss the partial affirmative defense as insufficient in law. Defendant has conceded that the partial defense is insufficient but has moved for leave to serve an amended answer pleading the facts contained in the partial defense as a counterclaim. The motion to amend is granted. The plaintiff's motion under rule 109 is now considered as a motion to strike out the counterclaim as insufficient in law. In effect the counterclaim pleads that if plaintiff recovers in this action, any sum paid by the city will become part of the cost of construction; the rent will be thereby increased and the plaintiff will owe the city such increased amount.

Plaintiff contends that a counterclaim must be a cause of action in existence at the time the counterclaim is interposed. Clearly the counterclaim interposed is contingent, and does not state a cause of action in existence at the present time. I believe that the repeal and re-enactment of section 266 of the Civil Practice Act in 1936 (L. 1936, ch. 324) removed the require-

ment that the counterclaim be a cause of action in existence at the time it is interposed. In *Ritter* v. *Mountain Camp Holding Corporation* (252 App. Div. 602, 604) the court said: " The comprehensive language used indicates an intent on the part of the Legislature to eradicate the limitations upon the interposition of counterclaims that had theretofore existed to the end that parties to a law suit might litigate all differences at one trial."

Section 266 should be given a liberal construction to effectuate its purpose to avoid a multiplicity of suits and to allow a determination of all the controversies between the litigants in one action. The pleading of a contingent claim against a party is recognized in section 193 of the Civil Practice Act where provision is made for the bringing in of a third party who may be liable over for the claim made against the defendant. So, too, under section 264 of the Civil Practice Act a cross complaint may be asserted by one defendant against a codefendant to determine the contingent liability as between themselves. A fair and reasonable interpretation of section 266 of the Civil Practice Act in the light of its general remedial purpose, would permit the interposition of the counterclaim asserted by the city. In the absence of any controlling authority denying such privilege, I hold that the counterclaim is one that may be properly interposed in this action and that it is sufficient in law. The motion to dismiss the counterclaim is denied. Settle order.