HAROLD F. BAILEY, Plaintiff, *v.* BERTHA A. BAILEY, Defendant.

County Court, Herkimer County, November 27, 1946.

*Winslow & Bennison* for plaintiff.

*Irving Basloe* for defendant.

PETERSON, J.   A motion has been made by plaintiff in the above-entitled partition action to dismiss the counterclaim contained in defendant's answer upon the ground that the counterclaim is not one which may be properly interposed in this action for the reason that the counterclaim is apparently an action based on conversion of personal property not in any way connected with the cause of action set forth in the complaint, and on the further ground that there is another action pending between the same parties for the same cause.   Plaintiff further asked for the appointment of a referee to ascertain the rights and interests of the parties in the real property described in the complaint and to take proof of plaintiff's title and interest and of the several matters set forth in the complaint and to make the usual report.

The answer admits the material allegations and sets forth the counterclaim in conversion, it being alleged that plaintiff seized and took certain personal property consisting of household goods and appliances. in which defendant claims a half interest and that the plaintiff also seized other personal property belonging to defendant in her own right.

The defendant urges that her counterclaim is proper under section 262 of the Civil Practice Act which reads as follows: " A defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable; provided that the court may in its discretion, whenever the interests of justice require, order a severance of the action or separate trials, or strike out the counterclaim without prejudice to the bringing of

another action. Where defendant deems himself entitled to an affirmative judgment by reason of a counterclaim interposed by him he must demand the judgment in his answer. * * *''

As to the authority to sever the counterclaim there can be no doubt. In *Ritter* v. *Mountain Camp Holding Corporation* (252 App. Div. 602, 604) the court in commenting on the statute said '' it was equally the legislative purpose to permit the court in the interests of justice to strike out a counterclaim whenever it deems it proper to do so * * *.''

It remains to be determined whether that authority should or should not be exercised. The plaintiff claims that the counterclaim was improperly interposed.

In a partition action, *Zaveloff* v. *Zaveloff* (37 N. Y. S. 2d 46), a severance of the counterclaim was ordered '' in the interests of justice,'' it appearing that the counterclaim was for money loaned and that such recovery was barred by the Statute of Limitations. The court stated (p. 52): '' In any event, under the circumstances here, the court in the interests of justice, would order a severance of this counterclaim and would not allow it to impede the prosecution of the partition action.''

In the case of *Deeb* v. *Goryeb* (258 App. Div. 93) which was also an action in partition, it was held that the breach of a collateral agreement between the parties governing the management of the property in question was not a defense. The court stated (p. 94): '' As tenants in common, there is a statutory right to partition at any time and the breach of a collateral agreement governing the management of the property would constitute no defense thereto.'' Similarly the very nature of the case under consideration seems to preclude the propriety of a counterclaim in conversion. In the court's opinion the counterclaim is unrelated to the partition action and should not be allowed to impede the prosecution thereof.

Moreover, plaintiff has set forth an additional ground for the dismissal of the counterclaim, namely that another action is pending between the same parties. In passing upon this part of the motion, it is necessary to consider section 262 of the Civil Practice Act in conjunction with rule 110 of the Rules of Civil Practice, which insofar as it relates to the present proceeding, reads as follows: '' After the service of the answer, the plaintiff may serve notice of motion for judgment dismissing a counterclaim on the answer and an affidavit stating facts tending to show: * * * 3. That there is another action pending between the same parties for the same cause. * * * A notice of motion specifying an objection set forth in subdivisions 2, 3,

4, 5, 6, 7, 8 or 9 hereof shall be served within twenty days after the service of the answer. * * * ''

Rule 109 of the Rules of Civil Practice is to similar effect.

On the application before this court, it appears that there is another action pending between the same parties for the identical cause set forth in the defendant's counterclaim. The notice of motion in this matter was served within twenty days after the service of the answer, and the motion to dismiss the counterclaim upon that ground should be granted. (*Security Trust Co. v. Pritchard*, 122 Misc. 760; *Weiner. v. Leslie*, 26 N. Y. S. 2d 7.)

Accordingly upon both grounds mentioned the motion of plaintiff to dismiss the counterclaim of defendant is granted, without prejudice to the pending cause of action for conversion.

The order dismissing the counterclaim may also provide for the appointment of a referee to ascertain the rights and interests of the parties to this action in the property described in the complaint herein and of which a partition is sought, and to take proof of plaintiff's title and interest in said premises and of the several matters set forth in the complaint and to report whether the property or any part thereof is so circumstanced that a partition thereof cannot be made without great prejudice to the owners and if said referee arrives at the conclusion that a sale of said property or any part thereof is necessary therein, that he ascertain whether there is any creditor not a party to this action who has a lien upon the undivided share or interest of any party. Ordered accordingly.