Aroít Steuer, J.
As far as can be discovered, this is a case of first impression. The complaint states a cause of action for separation by a wife against a husband. The latter counterclaims for annulment on the ground of false representations. There are two such counterclaims, one based on representations that the plaintiff was willing and anxious to bear children and the other that she was free from any mental or physical condition which would interfere with her entering into and sustaining the marital relation. There is an additional counterclaim in which it is claimed that the wife’s parents joined in these latter representations and the counterclaim asks damages against them for fraud. The question is whether the relief sought in this last counterclaim can be had in this action.
The subject of counterclaims is dealt with in sections 266 to 271 inclusive of the Civil Practice Act. Provision is made for asserting a counterclaim against the plaintiff and other persons. There are limitations on the right, though many existing prior to the amendment of these, sections in 1936 have been abolished. There is no specific mention in these sections of marital actions. Prior to 1936 the restrictions on what kind of claim could be asserted by way of counterclaim effectually prevented any counterclaim in a marital action except those that had to do with the marital relationship and a suit against third parties, even if jointly associated with plaintiff, would not be allowed. The question is whether the amendments have changed this.
Marital actions have always from their nature been considered as sui generis and the application to them of practice rules and procedures has been limited to where such rules and procedures were suitable, it being recognized that they often were not. Issues were limited to those affecting the marital relationship and parties in addition to the spouses were deemed to have no place in the litigation. An understandable exception was permission of a named corespondent in a divorce action to be represented for the purpose of protecting his or her good name. All of these limitations putting marital actions in a class by themselves are founded on reasons *653 easily appreciated, thoroughly understood and widely recognized.
While the sections referred to do not make any exception in marital actions, the failure to exclude them is not conclusive. Shortly after the amendments of 1936 the question arose whether the comprehensive language employed admitted of exception. It was there pointed out (Ritter v. Mountain Camp Holding Corp., 252 App. Div. 602) that the purpose was to facilitate dispositions in one claim where feasible but the direction was not positive. The court pointed out that section 262 of the Civil Practice Act provided that the court may in the interest of justice, in its discretion, strike out a counterclaim without prejudice to the bringing of an action.
It is believed that marital actions, involving, as they do, one of the most vital of human relationships, should not be complicated by or have attention diverted to extraneous issues. There are exceptions. The custody of children and under certain circumstances the disposition of joint property can be determined in the action without breach of propriety. For this reason .the motion is granted without prejudice to defendant to institute a separate action for the relief embraced in the third counterclaim.