ANNA H. BING, Appellant, v. MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of IRVING BLUMENTHAL, Deceased, et al., Respondents, et al., Defendant.

PETER S. BING, Appellant, v. MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Trustee under the Will of IRVING BLUMENTHAL, Deceased, et al., Respondents, et al., Defendant.

First Department, October 23, 1962.

*Arthur Richenthal* of counsel (*Irving M. Moss* and *David Abrams* with him on the brief), for appellants.

*Haliburton Fales, II,* of counsel (*Charles F. G. Raikes* with him on the brief; *White & Case,* attorneys), for respondents.

*Abraham S. Robinson* for infant and others, respondents.

*Harry Grossman* for infants and others, respondents.

*Per Curiam.* In these two actions, involving like questions, plaintiffs appeal from orders denying their motions for summary judgment. As the positions of the parties are the same and what is decided applies to both actions, only one will be discussed. The action is brought to partition real property, consisting of a commercial building. The property is held in the names of plaintiff and defendants as tenants in common.

To defeat plaintiff's right, defendants urge two defenses. The first is that the parties are partners. No written or oral agreement of partnership is set out, defendants relying on a series of facts to establish the relationship. Plaintiff is the successor of Bing & Bing, Inc., and defendants are the trustees and heirs of Irving and Walter Blumenthal, now deceased. It appears that Bing & Bing, Inc., and the Blumenthals made several real estate investments, purchasing, operating and selling several buildings, of which the two involved in these actions are the only ones not disposed of. As each building was acquired, title was taken in the name of a corporation and stock issued to plaintiff's predecessor and to the Blumenthals in proportion to their interests. On August 30, 1932, these parties entered into an agreement to provide for the financing of the operations and the division of profits and losses.

The difficulty with defendants' contention is that stockholders owning separate shares in a corporation cannot at the same time conduct their affairs as partners. "This they may not do for the rule is well settled that a joint venture may not be carried on by individuals *through* a corporate form [citing cases]. The

two forms of business are mutually exclusive, each governed by a separate body of law '' (*Weisman* v. *Awnair Corp. of America,* 3 N Y 2d 444, 449). In 1947, the corporation owning the building was dissolved and the undivided interests were transferred to Bing & Bing and the successors of the Blumenthals. Walter Blumenthal's heir sold her share to Bing & Bing, Inc. Defendants trustees, either in their capacity as such or as executors, have ever since held Irving Blumenthal's share. They can point to no agreement between themselves and Bing & Bing or its successor which would make them partners.

Secondly, it is claimed that it would be inequitable to allow partition because plaintiff would be free to bid at the sale and defendants are prohibited from acquiring the real estate. Under these circumstances it is claimed that plaintiff might be able to acquire the property at less than its fair price, to the detriment of defendants' *cestuis que trust*. It is further claimed that by the terms of the 1932 agreement plaintiff's predecessor was in a fiduciary position as regards the Blumenthals because it was obligated to advise them as to real estate investments and to manage the acquired properties. The agreement has long since been defunct. Even assuming it were operative, it was terminable at will and its breach would not be a bar to the right to demand partition (*Deeb* v. *Goryeb,* 258 App. Div. 93).

Defendants suggest that other facts may be elicited by examination which might constitute a defense. Under certain circumstances this may constitute grounds for denying summary judgment, at least until an opportunity for complete examination was afforded (*De France* v. *Oestrike,* 8 A D 2d 735). The situation here does not warrant such a step. Up to the time of the transfer of the realty out of the owning corporation, there could be no joint venture. Since that time defendants have been the acting party in regard to the real estate, having actual personal knowledge of all transactions. If there was any material fact that would constitute a defense, they would perforce have to have knowledge of it. No examination would be required to inform them of what they must already know.

The orders denying summary judgment should be reversed on the law, with costs to appellants, and motions granted for summary judgment for the relief demanded in the complaints.

BREITEL, J. P., VALENTE, MCNALLY, STEVENS and STEUER, JJ., concur.

Orders, entered on June 27, 1962, denying summary judgment, unanimously reversed, on the law, with costs to appellants, and motions for summary judgment granted for the relief demanded in the complaints. Settle orders on notice.