U. S. Expansion Bolt Co., Appellant, *v.* John Marmorstein, Respondent.

First Department, February 21, 1918.

Contracts — mutuality — provision against difficulties and hardships of performance — pleading — counterclaim must be complete in itself.

A contract by the owner of letters patent engaged in manufacturing articles thereunder, granting the exclusive selling rights to another who agrees to purchase a certain quantity at a fixed price, is not rendered void for want of mutuality by a provision that in case the owner of the patents shall not be able to furnish the articles as ordered by the other party to the contract, he shall not be held liable in damages by said party.

Said provision of the contract does not give the owner the right arbitrarily or of his own volition to terminate it. It is merely a protection against unforeseen difficulties that might arise which would, without his fault or neglect, make it impossible for him to perform.

In an action to procure the cancellation of a contract on the ground of fraud, a counterclaim for damages for breach on the part of the plaintiff is defective, where it fails to allege due performance by the defendant.

A counterclaim must be complete in itself, and the court cannot supply omissions or necessary allegations by reference to other parts of the answer or the complaint.

Appeal by the plaintiff, U. S. Expansion Bolt Co., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1917, overruling a demurrer to the counterclaim set up in the answer.

*Harry E. Herman* of counsel [*Arthur O. Ernst* and *Edwin A. Falk* with him on the brief], for the appellant.

*Simon Sultan* of counsel [*Harry C. Adams*, attorney], for the respondent.

Page, J.:

The action is to procure the cancellation of a contract on the ground of fraudulent representations made by the defendant in procuring the contract to be made. The defendant answered denying the material allegations of the complaint, and alleged a counterclaim for damages for breach of

the contract on the part of the plaintiff. The plaintiff demurred to the counterclaim on the ground of insufficiency, and the demurrer was brought on as a contested motion. The claim of the plaintiff at the Special Term and on this appeal is that the contract is void for want of mutuality. The contract recites that the defendant is the owner of certain letters patent and engaged in manufacturing articles under said patent. The contract grants the exclusive selling rights of the said articles for the entire life of the patent, that is, until September 16, 1930, to the plaintiff. The plaintiff agrees to purchase from the defendant said articles to the amount of $2,400, and an increased amount each year as therein specified until the sixth year, when the amount agreed to be purchased shall be $5,000, and thereafter the amount shall be at least $5,000 in each year. The defendant agrees to furnish said articles pursuant to a schedule of sizes and prices therein specified, and the plaintiff agrees to pay for all goods purchased upon the terms therein specified.

There can be no question that, so far as above quoted, the contract is mutually binding upon the parties and is a valid contract. The plaintiff claims, however, that the following clause destroys this mutuality: " 7. It is further understood and agreed that in case the party of the first part [the defendant] shall not be able to furnish the said Stop-a-Leaks [the patented article] as ordered by the party of the second part [the plaintiff], the party of the first part shall not be held liable in damages by the party of the second part." This provision of the contract does not give the defendant the right arbitrarily or of his own volition to terminate it. It is merely a protection against unforeseen difficulties that might arise which would without his fault or neglect, make it impossible for him to perform. It is a well-recognized rule that contracts should provide against difficulties and hardships of performance. For if they are not provided against, the party will not be excused, no matter how great may be the difficulty to be overcome or the hardship incurred in performance. Instead of providing specifically against the happening of contingencies that might be foreseen which would affect defendant's ability to perform, such as strikes of his workmen, destruction of his plant by fire, and other

like events, which are frequently embodied in a contract, this contract has provided generally that for anything that might happen which would render the defendant unable to furnish the articles as ordered, he should not be held liable in damages. When such contingencies are provided against in the contract, the contract is not by the provision rendered unenforcible until the contingency happens. The obligation rests upon defendant to perform the contract according to its terms and conditions until he is deprived of his ability to do so. The contract, therefore, was mutually binding. It not appearing that defendant was not able to fulfill plaintiff's orders, the plaintiff must be held liable to respond in damages for the breach on its part.

There is, however, a defect in the counterclaim which has not been referred to in the briefs of counsel. There are no allegations in the counterclaim of due performance of the terms and conditions on defendant's part to be performed. The contract contains agreements on defendant's part that would have to be performed before plaintiff could be put in default. The counterclaim must be complete in itself, and we cannot supply omissions of necessary allegations by reference to other parts of the answer or the complaint.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to the defendant to serve an amended answer upon payment of the said costs within ten days from service of a copy of the order herein, with notice of entry thereof.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to defendant to amend on payment of costs.