THE CITY OF NEW YORK, Appellant, *v.* LOUIS SEIDMAN, Respondent.

Supreme Court, Appellate Term, First Department, December 5, 1930.

*Arthur J. W. Hilly, Corporation Counsel [Sidney B. Schatkin* of counsel], for the appellant.

*Herman Koenigsberg,* for the respondent.

PER CURIAM. The facts pleaded in the alleged counterclaims do not constitute a defense to plaintiff's cause of action.

Although what is said in the opinion of the court in *Taylor* v. *Mayor* (82 N. Y. 10) seems broad enough to sustain the contention of the respondent that his counterclaims may be upheld, notwithstanding there is no allegation in the counterclaims of presentation of defendant's claim to the comptroller and neglect or refusal to adjust the demand, the decision in that case is based upon the provision of the Revised Statutes (2 R. S. 354, § 18, subd. 5) giving the right of setoff in certain cases, and the court held that " The theory of the statute is to bring about the liquidation of mutual debts, and to find the balance between them in one proceeding. * * * It is too severe to hold, that because of a statute made for a particular purpose [of giving notice to municipalities before suit brought] there is technically * * * no right to at once seek a remedy on it in the courts, that when the other is claimed the former should not be applied to the satisfaction of it. Of mutual debts both due and payable we speak; not of mutual credits, nor of a debt and credit."

Since the statute of 1870 (Chap. 383, § 17) requiring notice to the comptroller before suit, additional legislation has been enacted requiring the pleading of such notice, and the giving of notice to commence suit within six months after the cause of action accrued, and the prosecution of the claim within a year after accrual of the cause of action. (Greater New York Charter, § 261, as amd. by Laws of 1912, chap. 452; Laws of 1886, chap. 572, § 1.)

As the date when defendant's alleged causes of action accrued does not appear upon the face of the counterclaims the defendant's pleading, challenged by the motion in this instance to dismiss the counterclaims on the ground that they do not state facts constituting a cause of action, is not bad for lack of prosecution of the counterclaims within a year.

However, as the case before us is not one of mutual debts within the doctrine of the *Taylor Case* (*supra*), and the defendant has failed to plead the presentation of his claims to the comptroller and the neglect or refusal of that officer to adjust them, it is clear that neither counterclaim states facts sufficient to constitute a cause of action.

Order reversed, with ten dollars costs, and motion granted.

LYDON and CALLAHAN, JJ., concur; LEVY, J., dissents.