THE BANK OF UNITED STATES, Plaintiff, *v.* CHARLES FROST, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, January 29, 1932.

*George S. Elpern ]Arthur Ofner* and *Warren C. Fielding* with him on the brief; *Carl J. Austrian*, attorney], for the plaintiff.

*Jacob Pasell [Frost & Howell*, attorneys], for the defendant.

GENUNG, J.    This is an action by the plaintiff on three notes made by the defendant in the aggregate sum of $700.

In his amended answer defendant, by way of counterclaim, alleges that the plaintiff loaned the defendant the sum of $1,500 against certain collateral security; that an agreement was thereupon made whereby the plaintiff, upon the request of the defendant, promised to sell the collateral, apply the proceeds thereof toward the payment of the loan and credit the balance, if any, to the defendant's account; that thereafter defendant instructed the plaintiff to sell

the collateral, apply the proceeds against the loan, and remit to him the balance; that plaintiff failed and neglected to sell the collateral pursuant to such instructions; and that defendant was thereby damaged in the sum of $999.87.

Plaintiff moves to dismiss the counterclaim on the ground that it does not state facts sufficient to constitute a cause of action. Plaintiff, which is now in course of liquidation by the Superintendent of Banks, contends that the counterclaim must be dismissed for failure to comply with the provisions of section 76 of the Banking Law (as amd. by Laws of 1931, chap. 310). This section provides: " When the time within which the superintendent is required to accept or reject claims and accounts has expired and at any time within six months thereafter, a claimant whose claim has been duly filed and has not been accepted by the superintendent, or any person whose account payable as shown by the books and records, as to which no claim has been presented, has not been accepted by the superintendent, may institute and maintain an action thereon against such corporation, banker or broker.

" No action shall be maintained against such corporation, banker or broker while the superintendent is in possession of its affairs and business unless brought within the period of limitation specified in this section. In all actions or proceedings instituted against such corporation, banker or broker while the superintendent is in possession of its property and business, the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that eighty days have elapsed since the expiration of time for filing said claim and that said claim has not been accepted, or in the case of an action upon an account as to which no claim has been presented the plaintiff shall be required to allege and prove that such account appeared upon the books and records, that eighty days have elapsed since the last date fixed in the notice to creditors for presenting claims and making proof thereof and that such account has not been accepted."

The Superintendent of Banks assumed possession of the plaintiff on December 11, 1930. Thereafter the Superintendent, in accordance with the provisions of section 72 of the Banking Law (as amd. by Laws of 1931, chap. 310), designated June 29, 1931, as the last day for the filing of claims against the bank. Notice of this designation was duly given to creditors pursuant to section 72 of the Banking Law.

The right to commence and prosecute an action against a bank in course of liquidation is governed by the provisions of sections 72 to 78 of the Banking Law, as amended by chapter 678 of the Laws of 1930 and chapters 191 and 310 of the Laws of 1931. (*Van*

*Tuyl* v. *Scharmann,* 208 N. Y. 53; *Dorland* v. *Fidelity Development Co.,* 104 Misc. 97.)

A reading of these sections of the Banking Law discloses that fixed periods are provided for the presentation of claims to the Superintendent, the filing of objections thereto, their approval or rejection by the Superintendent and for the bringing of actions thereon. The statute thus creates a complete and exclusive scheme for the enforcement of claims against a bank in liquidation and expressly prohibits their assertion except as therein provided.

In the following cases complaints for failure to comply with the provisions of section 76 have been dismissed: *Mikoshin* v. *Broderick* (Supreme Court, New York County, TOWNLEY, J., N. Y. L. J. Feb. 17, 1931); *Matter of O'Neil* v. *Broderick* (Supreme Court, New York County, TOWNLEY, J., N. Y. L. J. Feb. 19, 1931; affd., 233 App. Div. 656; *Juhasz* v. *Bank of United States* (Supreme Court, New York County, McCOOK, J., N. Y. L. J. May 28, 1931); *Sullivan* v. *Bank of United States* (Supreme Court, New York County, SCHMUCK, J., N. Y. L. J. Aug. 3, 1931); *Buris* v. *Buris* (Supreme Court, New York County, SHIENTAG, J., N. Y. L. J. Sept. 1, 1931).

In my opinion, the provisions of section 76 of the Banking Law are equally applicable to counterclaims. A counterclaim is a cause of action pleaded against the plaintiff and is governed by the same rules as a complaint. (Civ. Prac. Act, § 266; *Cornell* v. *Bonsall,* 176 App. Div. 798; *Vassear* v. *Livingston,* 13 N. Y. 248, 252; *U. S. Expansion Bolt Co.* v. *Marmorstein,* 181 App. Div. 790.)

In *Pease Oil Co.* v. *Monroe County Oil Co.* (78 Misc. 285) it is said: "A counterclaim must be a complete cause of action existing in favor of the defendant asserting it (*Cragin* v. *Lovell,* 88 N. Y. 258), and must be set forth with the same particularity — disclosing an enforceable claim against the plaintiff — as is required in a complaint for a like cause. (*Weeks* v. *O'Brien,* 25 App. Div. 206.) "

In *Security Trust Co.* v. *Pritchard* (122 Misc. 760) the counterclaim was dismissed where it appeared that the defendant had already brought an action which was then pending embracing the same subject-matter.

In *People* v. *Greylock Construction Co.* (213 App. Div. 21; affd., 240 N. Y. 710) there was involved a situation analogous to that presented in the instant case. There the defendant, in a suit by the State of New York, set up a counterclaim which plaintiff moved to dismiss upon the ground that the State could not be sued without its consent and that the enforcement of the counterclaim constituted a violation of this principle. This contention was upheld and the counterclaim dismissed, although the court remarked in

the course of its opinion that " fair dealing and the diminishing of litigation argue in favor of permitting such relief."

It will be seen from the foregoing authorities that the courts have uniformly held that a counterclaim is a cause of " action " subject to the same rules of pleadings as a complaint and may be tested in like manner. Section 76 refers to a cause of " action." The restrictive word " complaint " is not employed, but in lieu thereof, the broad generic term " action."

Since the counterclaim fails to meet the requirements of section 76 of the Banking Law, it must be dismissed, but, under the mandatory provisions of section 90 of the Municipal Court Code, with leave to the defendant to serve an amended answer within five days after the service of the order entered hereon with notice of entry thereon.