COUNTY OF BROOME, Plaintiff, *v.* BINGHAMTON TAXICAB COMPANY et al., Defendants.

Supreme Court, Special Term, Broome County, December 26, 1947.

*Kramer, Night & Wales* for plaintiff.

*Levene & Gouldin* for defendants.

DEYO, J. This is an action wherein the county seeks to recover damages against the owner and operator of a taxicab which collided with the county ambulance. Both the owner and the operator have interposed counterclaims. The operator failed to file a notice of claim in accordance with section 50-e of the General Municipal Law. Such notice is a necessary prerequisite. (General Municipal Law §§ 50-b, 50-c, 50-e.) The fact that the claim is asserted by way of counterclaim rather than by independent action is immaterial. (*Bank of United States* v. *Frost,* 142 Misc. 589; *City of New York* v. *Seidman,* 138 Misc. 524.)

The claim asserted is not a claim " arising under the provisions of the workmen's compensation law," and hence, excluded from the operation of section 50-e of the General Municipal Law. That exclusion was obviously intended for the benefit of an employee of the municipality. Furthermore, a " third party action " is entirely independent of and unrelated to workmen's compensation proceedings. (*Caulfield* v. *Elmhurst Construction Co.,* 268 App. Div. 661, 664; affd. 294 N. Y. 803; *Jackson* v. *City of New York,* 182 Misc. 686.)

The letter sent to the sheriff's office by the defendant's insurance carrier did not constitute the notice required by section 50-e of the General Municipal Law (*Halloran* v. *Board of Education,* 271 App. Div. 830), even though the municipality may have gained actual notice thereby. (*Thomann* v. *City of Rochester,* 256 N. Y. 165.)

Although the court now has authority to " correct, supply or disregard " irregularities and omissions in the notice of claim, it may not so act where the " manner or time of service " is involved. (General Municipal Law, § 50-e.) Here the letter

not only failed to give most of the particulars required by the section, but also, it was not served in the manner or on the person prescribed by law. The court is therefore powerless to act. (*Halloran* v. *Board of Education, supra*).

The motion dismissing the counterclaim of the defendant Whitteman is granted, with $10 costs to the plaintiff.