JOSEPH RUDOLPH, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, December 31, 1947.

*Charles E. Murphy, Corporation Counsel (Robert A. Carroll* of counsel), for defendant.

*Barnet Muffs* and *Abraham N. Levy* for plaintiff.

BENVENGA, J. This is a motion to vacate an order granting to plaintiff leave to serve a notice of claim on defendant.

In April, 1946, plaintiff sustained personal injuries through the negligence of defendant, its agents, servants and employees. The statutory time to serve the notice of claim having expired in June, 1946, plaintiff applied for an order to extend the time. The application was based upon affidavits made by plaintiff, his wife, and his attorney of record. There being no opposition on the part of defendant, the motion was granted and an order made and entered.

At the trial, plaintiff and his wife gave testimony at variance with statements contained in the affidavits theretofore filed. On the basis of this conflicting testimony, defendant moved to vacate the order granting the extension of time, on the ground that it had been obtained by means of fraud, concealment and misrepresentation of facts. Simultaneously, defendant having applied at Special Term for the same relief, the motion was referred to me. Decision on both motions was reserved; the case procedeed to trial, and the jury returned a verdict for plaintiff.

The question presented is whether, under the circumstances, the order extending plaintiff's time should be vacated.

Under section 50-e of the General Municipal Law (added by L. 1945, ch. 694), a notice of claim is a condition precedent to the commencement of an action against a municipal corporation founded upon tort. The notice, it is provided, must be given " within sixty days after the claim arises " (subd. 1); it must be in writing, sworn to " by or on behalf of the claimant ", and " shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable " (subd. 2). The section, so far as material, then provides: " Where the claimant * * * is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim * * * within the time limited therefor, * * * the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified * * *. Application for such leave must be made * * * upon affidavit showing the particular facts which caused the delay " (subd. 5).

This section was enacted in 1945 on the recommendation of the Judicial Council (see Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265). Prior thereto, the statutes contained no exception in favor of a claimant who, by reason of alleged injuries suffered in an accident, was rendered mentally or physically unable to serve the notice of claim within the statutory period (p. 269). Nevertheless, applying the maxim that the law does not seek to compel a man to do that which he cannot possibly perform, the courts laid down the principle that mental or physical incapacity to serve the notice within the prescribed period is a sufficient excuse for the failure to do so, and that service within a reasonable time thereafter is good and timely service (*Walden* v. *City of Jamestown,* 178 N. Y. 213, 215, 216–217; *Winter* v. *City of Niagara Falls,* 190 N. Y. 198, 202–203; *Forsyth* v. *City of Oswego,* 191 N. Y. 441, 444–445; *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, 400–401, 402; *Rogers* v. *Village of Port Chester,* 234 N. Y. 182, 186; *Russo* v. *City of New York,* 258 N. Y. 344, 347–348). " If the plaintiff was, as he claimed, physically and mentally unable to prepare and present his claim, or to give directions for its preparation and presentation during the whole of [the statutory period] within which he was required * * * to present it, then he was entitled to a reasonable additional time in which to comply with the charter in that regard." (*Forsyth* v. *City of Oswego, supra,* p. 444.) The statutory exception in

favor of mentally or physically disabled claimants, as the Judicial Council points out, substantially codifies the case law on the subject (see Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269).

The purpose of the statute, obviously, is to protect the municipality against fraud arising out of stale claims and against the possible connivance of corrupt public officials (*Thomann* v. *City of Rochester*, 256 N. Y. 165, 170; *Winter* v. *City of Niagara Falls, supra*, p. 203; *Murphy* v. *Village of Fort Edward, supra*, p. 401). The requirements of the statute, therefore, cannot be waived (*Purdy* v. *City of New York*, 193 N. Y. 521, 525; *Winter* v. *City of Niagara Falls, supra*, pp. 203-204; *Forsyth* v. *City of Oswego, supra*, pp. 445-446).

Indeed, the notice of claim is not only a condition precedent to the commencement of the action, but the requirements of the statute as to the notice must be strictly complied with (*Derlicka* v. *Leo*, 259 App. Div. 607, affd. 284 N. Y. 711). If the notice is not served within sixty days after the accident, the action is barred, unless the court in its discretion extends the statutory period. That period, however, cannot be extended, unless there is proof by affidavit that the claimant was mentally or physically incapacitated, and that the failure to serve the notice within the prescribed period was due to such disability (*Haines* v. *City of New York*, 270 App. Div. 1003, affd. 296 N. Y. 702; *Matter of Franco* v. *City of New York*, 270 App. Div. 1050; *Matter of Halloran* v. *Board of Education of City of N. Y.*, 271 App. Div. 830; *Matter of Ruskin* v. *City of New York*, 271 App. Div. 934; *Matter of Olian* v. *City of New York*, 271 App. Div. 1029; *Matter of Carrido* v. *City of New York*, 272 App. Div. 756; *Matter of Auricchio* v. *City of New York*, 272 App. Div. 1067).

The particular facts which, according to the moving papers, caused the delay are contained in affidavits sworn to by plaintiff, his wife and his attorney of record.

The attorney of record states that he was retained by plaintiff in July, 1946 — a month after the expiration of the statutory period; that plaintiff was then still confined in a hospital, and that the failure of plaintiff to serve timely notice was due to " his inability to engage counsel or give a clear statement of facts regarding the cause of the accident ". Plaintiff alleges that, until the pain eased (presumably in July, 1946), he was unable to give a clear account of the happening of the accident; that he then requested his wife to have his " family lawyer " (the attorney of record herein) visit him at the hospital;

that, on July 23, 1946, the lawyer sent his representative to see him, and that he then, for the first time, gave a clear and detailed statement of the facts. To the same general effect is the affidavit of plaintiff's wife.

These affidavits, as the testimony given at the trial indicates, do not, to say the least, contain a full and frank disclosure of the facts. Indeed, on the basis of that testimony and the testimony given upon the hearing of the motion herein, plaintiff, though seriously injured, was not so incapacitated, mentally or physically (except perhaps during the first week or so after the accident), as to be unable to prepare or give directions for the preparation and service of the statutory notice. Moreover, even assuming plaintiff may have been so incapacitated during the entire period, his wife and his attorney of record, within less than a month after the accident, were in possession of facts more than sufficient to be embodied in the notice of claim, so that the notice could have been prepared and sworn to by either plaintiff's wife or his attorney of record. For, it is undisputed that, within a month after the accident, plaintiff's wife had consulted and retained the attorney of record; had signed a retainer which was duly filed at the Appellate Division; applied for and obtained a copy of the police blotter. The testimony also indicates that they knew of the existence not only of the witnesses who testified in behalf of plaintiff, but also those who gave testimony for defendant. Clearly, therefore, whatever the reason may be for the failure of plaintiff, within the prescribed period, to serve the statutory notice, " sworn to by or on behalf of the claimant ", as the statute provides, it was not due to any disability on the part of plaintiff.

On the facts, therefore, the present case comes directly within the ruling of the Appellate Division in the very recent *Auricchio* case (*supra*), where it was held that, under circumstances substantially similar to those disclosed in the case at bar, there is not a showing of physical disability within the meaning of the statute; nor is there a showing that the failure to serve the notice of claim within the statutory period resulted from disability. Or, to paraphrase the language of the court in the earlier *Halloran* case (*supra*), there is not a showing that the plaintiff was so incapacitated within the sixty-day period following the accident that he was unable to serve a notice of claim sworn to by him or by someone in his behalf. (To the same effect, see *Walden* v. *City of Jamestown*, 178 N. Y. 213, *supra; Forsyth* v. *City of Oswego*, 191 N. Y. 441, *supra; Rogers* v. *Village of Port Chester*, 234 N. Y. 182, *supra*.)

That this court has inherent power to set aside a judgment or order procured by fraud and deceit goes without saying (*Furman* v. *Furman*, 153 N. Y. 309, 314; *Matter of Holden*, 271 N. Y. 212, 218; *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19, 25; *Matter of Hogan* v. *New York Supreme Court*, 295 N. Y. 92, 96). " It is an old, old principle that a duly constituted court, even in the absence of express statutory warrant, has the right ' to exercise so efficient a control over every proceeding in an action as to effectually protect every person actually interested in the result, from injustice and fraud, and that it will not allow itself to be made the instrument of wrong, no less on account of its detestation of every thing conducive to wrong than on account of that regard which it should entertain for its own character and dignity ' ". (*Matter of Hogan* v. *New York Supreme Court, supra,* p. 96, citing *Baldwin* v. *Mayor of City of New York,* 42 Barb. 549, 550, affd. 45 Barb. 359.)

It would seem to follow, therefore, that as the court was imposed upon and induced to grant the extension by reason of fraud, concealment and misrepresentation of the facts, the order granting the extension is a nullity and must be vacated.

The motion to vacate the order granting leave to serve the notice of claim herein is granted. Settle order.