Henderson W. Morrison, J.
The plaintiff, County of Nassau, instituted the within action on August 25, 1966 to recover the sum of $787.96 for alleged damages to one of its motor vehicles involved in an accident with an automobile owned and operated by the defendant, which occurred on December 16, 1965. The defendant, in his answer dated September 7, 1966, interposed a counterclaim in the sum of $530 for alleged damage to his automobile arising out of this accident. Plaintiff, County of Nassau, now moves to dismiss the counterclaim upon the ground that the defendant failed to allege compliance with the provisions of sections 50-e and 50-i of the General Municipal Law, having failed to serve a notice of claim as required by these sections.
The fact that it was the county which first initiated this litigation does not relieve the defendant from complying with the provisions of sections 50-e and 50-i of the General Municipal Law, where defendant seeks affirmative relief by way of a counterclaim. The institution of this action by the county creates no waiver or estoppel to assert the requirements of these sections.
The sole grounds upon which the court may exercise its discretion to grant leave to serve a notice of claim within a reasonable time after expiration of the time specified in the statute *849 are set forth in subdivision 5 of section 50-e of the General Municipal Law. The defendant does not assert any of these specific grounds as a basis for an exercise of the court’s discretion within these statutory limitations.
Despite the fact that the county may have had actual notice of the accident, no notice of claim having been filed, it was not alerted to the defendant’s claim, and was deprived of the opportunity to take those steps which are authorized by the General Municipal Law to protect itself against such claims, including appropriate examination of the complainant (General Municipal Law, § 50-h). The motion is granted and the counterclaim is dismissed. Submit order.