INSURANCE COMPANY OF PUERTO RICO and MUNICIPALITY OF BAYAMÓN, Plaintiffs and Appellees, *v.* SALVADOR RUIZ MORALES, Defendant and Appellant.

No. O-67-31.     Decided June 6, 1968.

*Rafael S. Fuentes* and *José Pérez Rodríguez* for defendant and appellant. *Castro & Castro* for plaintiffs and appellees.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In *Mangual* v. *Superior Court,* 88 P.R.R. 475 (1963), we decided that compliance with the notice requirement in a claim against a municipality within ninety days following the date on which knowledge was had of the damages claimed required by § 96 of the Municipal Law of 1960, 21 L.P.R.A. § 1603, is a condition precedent of strict compliance in order to be able to sue the municipality. We then referred to the purposes underlying the adoption of statutes of this kind, to wit: "1) to give . . . an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the names of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget; and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party."

The question raised herein is the need of complying with the notice requirement when the claim against the municipality is not filed by way of complaint, but by a defendant as counterclaim within the answer filed to the action of the municipal body for the recovery of damages sustained by the latter as a result of an accident.

The details of the event which gave rise to the litigation are set forth as background of the case in the opinion delivered on this date in *Insurance Company of Puerto Rico* v. *Ruiz Morales, ante,* p. 159. We shall emphasize, however, the facts which are relevant to decide the question raised.

On September 9, 1964, the Municipality of Bayamón and its insurer, Insurance Company of Puerto Rico, resorted to the District Court, Bayamón Part, by way of a complaint filed against Salvador Ruiz Morales, in which judgment was requested against the latter for damages sustained as a result of an accident which had occurred *fifty-seven days before.* The Insurance Co. claimed $827.20, amount which it paid in full to the insured to cover the cost of repair of a vehicle; the municipality claimed $1,000 to make up for $50 which it contributed for repair, under the terms of the policy, and $950 for loss of use and depreciation. It was expressly alleged that "The accident occurred as a result of defendant's negligence and lack of care."[1] After requesting extension, in order to plead, on September 23, defendant Ruiz Morales filed his answer on October 15, *ninety-three days* after the accident, in which he included a counterclaim for the personal injuries he suffered, as well as for the loss of his vehicle. The reply to the counterclaim was limited to a general denial; the existence of a liability limitation of the insurance company was the only thing adduced as defense.

The case went to trial. On August 25, 1965 the District Court rendered judgment ordering the plaintiff to pay to Ruiz Morales the amount of $7,126 and $700 for attorney's fees, after deducting the amount equal to 15% of liability which was attributed to said defendant. The plaintiffs appealed.

It is the first time in the assignment of errors before the Superior Court that the question related to the lack of notice is raised, in stating in the seventh assignment that the trial court had erred in granting the complaint against the municipality in the absence of evidence of compliance with the notice requirement established by § 96 of the

---

[1] On April 5, 1965, in answer to an interrogatory, it specified that the negligence consisted in not observing a stop sign, and in having invaded an intersection at an excessive speed without taking precautions.

Municipal Law in force. The Superior Court deemed it thus, and consequently, it dismissed the counterclaim against the municipality.

■ It appears from the facts set forth that on the date on which the Municipality of Bayamón brought the action for damages, the term of 90 days which defendant Ruiz Morales had to serve notice had not yet elapsed. Because a compulsory counterclaim was involved—it arose from the very transaction or event, Rule 11.1 of the Rules of Civil Procedure—from that moment defendant was bound to file the claim he deemed he had within the same suit by way of counterclaim, irrespective of the notice. In our opinion the fact that the municipality brought suit within the established period made the notice requirement inoperative.

*County of Nassau* v. *Wolfe*, 273 N.Y.S.2d 985 (1966) and *Broome County* v. *Binghamton Taxicabs Co.*, 75 N.Y.S.2d 423 (1947), decide that the notice requirement prevails even when the claim is filed by way of counterclaim. However, in the former, the litigation initiated by the county was filed when the term of notice had elapsed, contrary to what occurs in the situation we are considering; in the second, the court limits itself to setting forth the rule without further discussion.[2] Under such circumstances, the persuasiveness of these precedents cannot be controlling, particularly in the absence of a clear reference to the purposes which underlie the statutes of this kind.

At the commencement of this opinion we made reference to the purposes of this legislation, which can be consolidated into two: (a) to avoid fraudulent and excessive claims, and (b) to offer the municipality the opportunity of mitigating damages. The circumstances of the present case reveal that the municipality had prompt knowledge of the accident and

---

[2] From the published opinion we cannot determine whether the term of notice had elapsed when the suit was brought by the county.

its consequences, in such a manner that it was permitted to attribute the liability thereof to defendant in the unmistakable terms which its allegation on negligence contains. On the other hand, it is not inferred that it suffered any prejudice because it was not offered the opportunity to mitigate the damages, and of which probably it would not have availed itself in view of the firm conviction that defendant was the only one liable. *Cf. Guzmán* v. *Industrial Commission*, 85 P.R.R. 674 (1962); *Cuebas* v. *P.R. American Insurance Co.*, 85 P.R.R. 601 (1962); *Pons* v. *Rivera*, 85 P.R.R. 502 (1962); *Faulkner* v. *Nieves*, 76 P.R.R. 407 (1954).

██ Our tendency has been not to extend the notice requirement without critical sense. In *Rosario Quiñones* v. *Municipality of Ponce*, 92 P.R.R. 571 (1965), we refused to apply it in a suit for damages for the breach of a contract; in *García* v. *Northern Assurance Co.*, 92 P.R.R. 236 (1965), we sustained that only the municipality was being favored, but not the insurance company. These conditions limiting the right of persons to request reparation must be interpreted restrictively. There is no reason whatsoever to make a distinction in the cases of political bodies, since the prevailing tendency to make them liable in the same manner and to the same extent as natural persons, is well known.

██ Finally, although it is of strict compliance, the notice is not a strictly jurisdictional requirement. *Heck* v. *City of Knoxville*, 88 N.W.2d 58 (Iowa 1958); *Daniel* v. *City of Richmond*, 100 S.E.2d 763 (Va. 1957); *City of South Norfolk* v. *Dail*, 47 S.E.2d 405 (Va. 1948); *Hogan* v. *City of Beloit*, 184 N.W. 687 (Wis. 1921). *Contra, Galloway* v. *City of Winchester*, 184 S.W.2d 890 (Ky. 1944); *Thompson* v. *City of Charleston*, 191 S.E. 547 (W. Va. 1937). In *Daniel* v. *Richmond, supra*, it is said that notice is an essential element of the plaintiff's claim which must be alleged and proved, but that the failure to allege and prove it must be raised as any other unprivileged defense. And in *South Norfolk* v.

*Dail, supra,* it was held that said question cannot be raised for the first time on appeal, as it was done in the case at bar.

By virtue of the foregoing and of the surrounding circumstances, the dismissal of the counterclaim against the municipality did not lie.

The second error assigned by defendant-appellant refers to the deduction made by the Superior Court in the amount of the judgment rendered in favor of Ruiz Morales to cover the 15% of the damages caused to the vehicle of the municipality, that is, the amount of $131.59, on the ground that the latter had been taken into consideration by the District Court. We do not agree. In fixing the items for damages caused to Morales, the District Court deducted from it the percentage attributable to his negligence. But this does not mean that the municipality cannot recover for damages to the vehicle belonging to it, in the proportion in which Morales was liable.

The judgment rendered by the Superior Court, Bayamón Part, on December 2, 1966, will be modified as to the pronouncement which dismissed the counterclaim against the Municipality of Bayamón, and as thus modified, it will be affirmed.

Mr. Justice Ramírez Bages dissented.

—O—

MR. JUSTICE RAMÍREZ BAGES, dissenting.

San Juan, Puerto Rico, June 6, 1968

I dissent from the majority conclusion to the effect that it was not proper to dismiss the counterclaim against the municipality because it was filed beyond the period prescribed by § 96 of the Municipal Law of 1960 (21 L.P.R.A. § 1603). My reasons for dissenting are the following:

(1) The record of the case reveals that the accident occurred on July 14, 1964. The municipality's complaint was

filed on September 9, 1964. The appellant requested an extension of 15 days to answer it, on September 25, 1964, because he "had to make certain investigations to be able to make the corresponding allegations correctly." Instead of acting within said extension, appellant filed his answer and counterclaim on October 23, 1964, that is, 101 days after the accident occurred. The counterclaimant had, therefore, 33 days from the time the municipality's complaint was filed to the end of the period, for the aggrieved party to serve notice on said municipality of the accident and of its damages, that is, he had ample opportunity to comply with the notice requirement of the aforementioned § 96 of the Municipal Law.

(2) Notwithstanding the purposes of the notice requirement set forth by the colleague Mr. Justice Blanco Lugo in the majority opinion in this case and in his opinion in *Mangual* v. *Superior Court,* 88 P.R.R. 475, 478 (1963), said Justice, in *Mangual, supra,* concluded that "in Puerto Rico, *compliance with the notice requirement is a condition precedent of strict compliance.*" (Italics ours.) In accordance with this rule it is obvious that § 96 clearly limits said notice requirement to cases of accidents or other actions which cause injuries to the person or to another person's property for which a municipality can be held liable, and that the aforesaid requirement only benefits the municipality which is sought to be held liable for the damages caused. Hence, in *Rosario Quiñones* v. *Municipality of Ponce,* 92 P.R.R. 571 (1965), we refused to apply said requirement to a suit for damages for the breach of a contract and in *García* v. *Northern Assurance Co.,* 92 P.R.R. 236 (1965), we held that the requirement in question favors the municipality only, but not its insurance company.

(3) The notice requirement to which § 96 of the Municipal Law refers covers "all kinds of claims." It does not contain any authority to extend the period of 90 days as

does the act of New York, from which we adopted this legislation, nor does it contain authority to waive the notice requirement as is provided by the legislation in other jurisdictions. I understand it covers a counterclaim for the latter is but another manner of making a "claim" to the municipality and is governed by the same rules as a complaint. *Bank of United States* v. *Frost*, 255 N.Y.S. 763 (N.Y. 1932).

(4) The cases of *Guzmán* v. *Industrial Commission*, 85 P.R.R. 674 (1962) and *Faulkner* v. *Nieves*, 76 P.R.R. 407 (1954), are not applicable to the situation we are considering because, as Mr. Justice Blanco Lugo states in footnote 8 of his opinion in *Mangual, supra*, these cases "raise a different problem, since they involved notice requirements in connection with insurance policies in which the interpretation must be favorable to the insured." See also, *Cuebas* v. *P.R. & American Insurance Co.*, 85 P.R.R. 601 (1962); *Pons* v. *Rivera*, 85 P.R.R. 502 (1962).

(5) Only in *exceptional cases* have the courts concluded that the municipality is estopped, because of its conduct, from invoking the right of notice. They are the following:

(a) *Tillman* v. *City of Pompano Beach*, 100 So.2d 53 (Fla. 1957).

In this case the claimant sued the city for damages to his automobile. The act provided, as condition precedent to the maintenance of suit against the city, written notice to the city commission or city manager within the 30 days after the receiving of the injury alleged. The plaintiff alleged that at the time of the accident the city manager and members of the city commission were in the immediate vicinity, they visited the scene, interrogated the plaintiff, and made a full investigation of the collision. Later the city manager discussed the matter with him, *conceded the liability* of the city, and only the question of the damages remained to be settled. Relying on that, the plaintiff did

not serve notice on the municipality within the prescribed period.

The court decided that under those circumstances the city was estopped from invoking the defense.

However, the court states that they are conscious that the majority of the jurisdictions do not agree with that position, but that in view of the *peculiar facts* of the case it is more just to decide thus. Three of the seven judges of the court dissented.

    (b) *Phillips* v. *City of Abilene*, 195 S.W.2d 147 (Texas 1946).

This case decides that the notice requirement is of strict compliance.

    (c) *Cawthorn* v. *City of Houston*, 231 S.W. 701 (Texas 1921).

In this case, after the accident, plaintiff was visited by one of the city commissioners, and offered him a written instrument concerning plaintiff's injuries and compensation, which the plaintiff signed. He was invited by said commissioner to appear before the commissioners with a view to adjusting and settling the claim; that they agreed to take up the plaintiff's claim and would *"see what could be done for him"*; that he believed that the city had waived the notice requirement. (Italics ours.)

The court analyzed the situation and reached the conclusion that in this case the municipality was *estopped* from invoking the defense. As to the question of waiver, it stated that since the statute does not prohibit waiver, the mayor or the commission can, *if they so desire*, waive the notice requirement.

The waiver, at law, is tantamount to refusing to voluntarily allege or defend a right which one has. The case does not decide whether, in accordance with the peculiar facts of this case, a waiver actually took place. It only decides that if the conduct of the municipality (city) *was tantamount*

*to giving plaintiff a certain amount of security, motivating him to believe that the municipality had waived the notice requirement and that a prudent and normal person would have believed the same thing under similar circumstances, then the city would be estopped from invoking the defense.*

The peculiar facts to which the previous cases refer do not prevail in the case at bar, for on the contrary, the counter-claimant had ample opportunity and sufficient time to comply with § 96 of the Municipal Law, notifying the municipality of the damages which the accident caused before the 90 days after it occurred, and before filing his counterclaim. Also, this doctrine of estoppel has been adopted only in a minority of the jurisdictions in which the notice requirement has been prescribed. *Municipality—Notice of Injury—Waiver,* 65 A.L.R.2d 1278.

In the case at bar, no municipal official made any representation to appellant indicating that the municipality admitted its liability, that there was no need to litigate, and that the question of damages would be attended to when the amount was determined. In *Tillman* (the court was divided four to three) it was concluded that the aggrieved party was induced by these representations not to serve notice. In the case at bar, on the contrary, the municipality eloquently demonstrated an adversative attitude in filing its complaint against appellant. Three of the seven judges in *Tillman* concluded that the city officials do not have the authority to bind it by way of waiver or estoppel to invoke a statutory defense. The circumstances in *Cawthorn* are very similar to those of *Tillman* and, therefore, are very different to those of the case at bar. Contrary to *Tillman* and *Cawthorn,* the court of New York said in *Rudolph v. New York,* 77 N.Y.S.2d 788 (1947), that the purpose of the statute requiring notice of tort claims against municipality is to protect municipality against fraud arising out of stale claims and against the possible connivance of corrupt public officials;

and therefore, the statutory requirements of notice cannot be waived.

(6) It is certain that we are at liberty to adopt those rules which are best adapted to our local situation. But the rule adopted by the great majority of the jurisdictions under similar circumstances, and by the jurisdiction from which our statute proceeds, must have a persuasive value for us.

Our § 96 was originated in § 50e of the General Municipal Law of New York, McKinney's Consolidated Laws of New York, book 23, pp. 97–99, which expressly contains a provision which permits the courts to grant authority to serve notice even after the period of 90 days has expired after showing of just cause for the delay. It is significant that this paragraph was not incorporated to our Act.

Interpreting that provision, it has been decided in New York that the noncompliance with the notice requirement within the established period renders the claim dismissable for not alleging a cause of action. Its requirements cannot be waived. The notice has to be interpreted strictly in the sense that it is a condition precedent to be able to sue. *Rudolph* v. *New York, supra.* The municipal body's or its officials' knowledge of the damage, or facts, which are required to be established in the notice, does not preclude, nor can it be understood as being, a waiver of the notice requirement. *Broome County* v. *Binghamton Taxicab,* 75 N.Y.S.2d 423 (1947). See also, 40 New York Jurisprudence, §§ 1060–1077.

In New York, under § 50e of the General Municipal Law it has been decided that the fact that the municipality files the suit does not release a counterclaimant from the requirement notice. *County of Nassau* v. *Wolfe,* 273 N.Y.S.2d 984 (1966). Mr. Justice Blanco Lugo sustains that said case is distinguishable from the case at bar inasmuch as in the New York case the municipality filed the suit after the period

had elapsed and that in the case at bar the suit was filed by the Municipality of Bayamón 52 days after the events.

We believe that in *Wolfe*, the circumstances warranted with more reason than in the case at bar, having estopped the municipality from invoking the defense of lack of notice, for the municipality waited for the period of notice to elapse to file its claim, and yet it was said that the counterclaimant was not released from notifying his claim within the period established by law. In the case at bar, on the contrary, the counterclaimant had ample opportunity, after the municipality's complaint was filed within the prescribed period, for notifying the municipality of the damages caused by the accident in question, and he did not do so.

In the *Broome County case, supra,* the state filed the suit against the owner and driver of a vehicle. Both were counterclaimants against the municipality. It was dismissed because the notice they served *on time* did not comply with the requirements established in § 50e. It was said therein that the fact the claim is asserted by way of counterclaim is immaterial.

(7) Let us now consider the purposes for which the notice is required, and which are enumerated by Mr. Justice Blanco Lugo in *Mangual, supra.*

*First purpose set forth:* Investigation of the facts which give rise to the claim.

The fact that the claim contained in a compulsory counterclaim arises from the same event which originated the complaint of the opposing party, in this case the Municipality of Bayamón, does not necessarily imply that as a result thereof said opposing party has been able to investigate all the facts surrounding the claim alleged by way of counterclaim. The compulsory counterclaim may raise questions which make necessary further investigation, investigation of facts which possibly the plaintiff municipality did not have before it when it filed its suit.

*Second purpose:* To discourage unfounded claims. The counterclaim is a pleading which sets forth a claim for relief, such as a complaint is. Rule 6.1 of the Rules of Civil Procedure. The counterclaim contains a claim against the opposing party. Rule 11.1 of the Rules of Civil Procedure. Therefore it is possible for a compulsory or permissible counterclaim to contain an unfounded claim. These unfounded claims are discouraged by the written notice previously served by the claimant in which he states date, place, cause, and nature of the damage, the amount of compensation or the type of remedy which is adequate for the damage suffered, the witnesses, the claimant's address, and the place where he first received medical treatment.

*Third purpose:* To facilitate prompt settlement of the claims. This purpose would have been accomplished if the defendant-appellant had served the notice in question.

*Fourth purpose:* To permit the immediate inspection of the scene of the accident before conditions change.

It is reasonable to believe that said inspection was made by the plaintiff municipality as part of the search of evidence which supported its case.

*Fifth purpose:* To discover the names of persons who have knowledge of the facts and to interview them while their recollection is more trustworthy.

The opposing party can achieve this through interrogatories made to defendant-counterclaimant. Rule 30 of the Rules of Civil Procedure. The question is that in indicating the names of persons who have knowledge of the facts in the previous notice, the municipality has more time to prepare its defense and these persons have the events fresh in their mind.

*Sixth purpose:* To enable in due time to make the necessary reserve in the annual budget.

*Seventh purpose:* To minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party.

We have no doubt that these two last purposes would have been better and more effectively complied with if the municipality had received the required notice of the accident and of the damages sustained.

(8) The majority opinion sustains that the notice in question is not a jurisdictional requirement; that it is an essential element of plaintiff's claim (the counterclaimant in the present case) which must be alleged and proven, but that the failure to allege and prove it must be raised as any other unprivileged defense; and finally, that such question cannot be raised for the first time on appeal as it was done in the present case.

Let us see the cases cited in support of this conclusion.

*Heck* v. *City of Knoxville*, 88 N.W.2d 58 (Iowa 1958), involved a statute which provided that actions had to be filed within a fixed period, except those founded on injury to the person or property, which must be filed within three months after the cause of action arose, unless notice thereof is served upon the city within 60 days after the injury occurred. Said statute is clearly a statute of limitation, and therefore, the notice cannot be considered a jurisdictional requirement.

The cases of *City of South Norfolk* v. *Dail*, 47 S.E.2d 405 (Va. 1948) and *Daniel* v. *City of Richmond*, 100 S.E.2d 763 (Va. 1957) are pronouncements of the same court interpreting a statute which provides that "no action *shall be maintained* against a city for injury to any person or property . . . unless the city is served notice thereof of the nature of the claim within 60 days after such causes of action shall have accrued." (Italics ours.) These cases overruled the previous doctrine prevailing in the state of Virginia that the notice was a jurisdictional requirement because the court

in *Dail, supra,* concluded that said doctrine was rigorous and unreasonable and should be modified.

In *Hogan* v. *City of Beloit,* 184 N.W. 687 (Wis. 1921.), it was not decided that the requirement of said notice was not jurisdictional. On the contrary, in said case it was concluded that said requirement is a condition precedent to the commencement of the action, and if it is not complied with the action cannot prosper. The failure to comply with the notice requirement was alleged in this case by demurrer which was sustained.

On the contrary, in jurisdictions where a notice statute prevails in a language similar to § 96 of the Municipal Law, it has been said that a prescriptive period, within which the suit has to be filed, is not involved, but that the notice is a condition precedent to filing the suit, and that not alleging or proving that the notice was served is a fatal defect which can be adduced after the judgment. *Galloway* v. *Winchester,* 184 S.W.2d 890 (Ky. 1945); *Thompson* v. *Charleston,* 191 S.E. 547 (W. Va. 1937); *Thompson* v. *City of Chattanooga,* 226 S.W. 184 (Tenn. 1920); *Berry* v. *City of Helena,* 182 Pac. 117 (Mont. 1919).

In the state of New York, from which we copied § 96 of the Municipal Law, its highest court has said that the statute's language does not provide a mere defense to the city but it involves a condition precedent which prohibits every action until notice has been served; that it does not provide the city a defense which depends on being invoked but that it expressly prohibits the filing of any action until the preliminary notice requirement has been complied with. Said court also decided that the noncompliance with said requirement can be raised at any stage of the proceeding. *Reinig* v. *City of Buffalo,* 6 N.E. 792 (N.Y. 1886). See also, *McLean* v. *City of Spirit Lake,* 430 P.2d 670 (Idaho 1967).

From the foregoing it seems obvious that neither the language of § 96 of the Municipal Law nor its purpose are

analogous to the defense of prescription of actions or of any other general or special defense subject to conditions subsequent to the filing of the cause of action, and which are susceptible of not being invoked and even of being expressly or impliedly waived. Under the assumption of the aforementioned § 96 in providing that "No judicial action may be instituted . . . if notice thereof is not given . . .", the notice requirement is, undoubtedly, a condition precedent, an essential requirement, which if not complied with, the municipality cannot be made liable nor can any action against it be filed in the cases of claims for injuries to persons or property. Hence my conclusion, contrary to the majority opinion, that noncompliance with the notice requirement can be adduced for the first time on appeal, for it is necessarily a jurisdictional requirement.

In view of the foregoing, I believe that we should have affirmed the judgment of the trial court which dismissed the counterclaim in this case because it was filed after the period prescribed by § 96 of the Municipal Law had elapsed.