■ In the Matter of JANET LINDSEY, Respondent, v BOARD OF EDUCATION OF MT. MORRIS CENTRAL SCHOOL DISTRICT et al., Appellants.—Judgment unanimously reversed and petitioner dimissed, without costs. Denman, J., not participating. Memorandum: Following petitioner's dismissal from her position, effective June 30, 1976, she commenced this CPLR article 78 proceeding on November 1, 1976, seeking reinstatement with tenure to a full-time teaching position and backsalary. The petition contains no allegation that a verified claim was presented to the respondent board of education within three months after the claim accrued as required by subdivision 1 of section 3813 of the Education Law. Although this issue was not specifically raised at Special Term, there is no indication in the briefs or the record that petitioner could have taken legal countersteps or made factual showings necessary to cure the obvious defect and, accordingly, it is properly considered here (see *Telaro v Telaro,* 25 NY2d 433, 439; *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, 39). Petitioner seeks the enforcement of private rights and duties, and therefore the provisions of subdivision 1 of section 3813 are applicable *(Board of Educ. v New York State Div. of Human Rights,* 44 NY2d 902; *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York Human Rights Appeal Bd.,* 35 NY2d 371, 379-380, mot for rearg den 36 NY2d 807). The section establishes a condition precedent which petitioner was required to plead and prove *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 287; *Matter of Board of Educ. [Heckler Elec. Co.,],* 7 NY2d 476, 482; cf. *Camarella v East Irondequoit Cent. School Bd.,* 41 AD2d 29, 31, affd 34 NY2d 139). Not having done so, petitioner was not entitled to maintain this proceeding (cf. *Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6) and the courts are without discretion to excuse petitioner's noncompliance *(Kinner v Board of Educ.,* 6 AD2d 204, 207, affd without opn 9 NY2d 845). The time period prescribed in section 3813 expired prior to the institution of this proceeding and thus petitioner's right to relief is now barred and the proceeding must be dismissed *(Matter of Grey v Board of Educ.,* 60 AD2d 361; *Widger v Central School Dist. No. 1,* 20 AD2d 296). (Appeal from judgment of Livingston Supreme Court—art 78.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.