*632 OPINION OF THE COURT
Robert H. Wagner, J.
On June 12, 1975 the plaintiff, the Board of Education for the Palmyra-Macedon Central School District, and the defendant, Ella Marie Southern, entered into a written agreement whereby plaintiff granted defendant a sabbatical leave for the 1975-1976 school year and agreed to pay the defendant at a rate of one half her annual salary. The defendant agreed to return to the Palmyra-Macedon Central School District for a period of three years after completion of her sabbatical leave and further agreed to reimburse the district a prorated share of the salary paid for any time up to three years for which she failed to serve in the district after returning. Thereafter, the plaintiff agreed to extend the defendant’s leave of absence for an additional year without pay. Upon defendant’s failure to return to work for the 1977-1978 school year, plaintiff sought reimbursement of the salary paid to the defendant during her sabbatical. On December 12, 1977 the plaintiff served a complaint and on January 12, 1978, obtained a default judgment in the sum of $10,362.01.
The defendant moved at Special Term on September 11, 1978 to vacate the default judgment and after hearing counsel for both sides and considering the papers submitted, I granted the motion. In her answer the defendant alleged three claims as "affirmative defense[s] and by way of counterclaims”. I reserved decision on plaintiff’s cross motion to dismiss the three counterclaims alleged in the defendant’s answer and granted counsel time to submit memoranda. After considering the oral argument, the papers and memoranda submitted, I render the following decision.
In her first counterclaim the defendant alleges that the plaintiff breached the employment contract by violating her tenure rights. She alleges that by letter from the Superintendent of the Palmyra-Macedon Central Schools, dated May 24, 1977, she was notified that she had been reassigned to an eighth grade literature-reading class beginning in September, 1977 due to "reductions in teaching staff caused by declining enrollments” and "different interpretations about tenure areas”. The defendant asserts that these reasons were not true and thát in fact a new teacher without tenure was hired to fill her twelfth grade English position. As a result of plaintiff’s alleged breach of the contract of employment the defendant . *633 claims she has "suffered pain and suffering, has been rendered ill, has lost income” and seeks $100,000 in damages.
In the second counterclaim, it is alleged that the plaintiff negligently failed to make duly authorized payroll deductions and pay over loan payments to the New York State Teachers Retirement System causing defendant’s loan to go into default. The defendant alleges she learned of the plaintiff’s failure to make the loan payments on or about May, 1976. For damage to her "good name, credit and reputation” the defendant seeks $100,000 in damages.
Defendant’s third counterclaim charges that in 1962 the plaintiff placed the defendant on the fifth-step salary scale rather than the sixth-step scale to which she was entitled and "that as a result of the negligence of the Plaintiff the defendant was not given salary commensurate with her qualifications and experience and lost wages since 1962 to 1976 in the amount of $7,000.00.”
The question to be determined is whether the defendant’s counterclaims must be dismissed for failure to comply with section 3813 of the Education Law. Subdivision 1 of section 3813 of the Education Law provides: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property * * * or claim against the district * * * or involving [its] rights or interests * * * shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services * * * or any officer of a school district, board of education, or board of cooperative educational services * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.”
The purpose of this section relating to presentation of claims against the school district is to afford school districts an opportunity to. investigate claims and obtain evidence promptly and to give them an opportunity to adjust or pay a claim (Matter of Board of Educ. v Wager Constr. Corp., 37 NY2d 283; State of New York v Waverly Cent. School Dist., 53 Misc 2d 843, affd 28 AD2d 628, mot for lv to app den 20 NY2d *634 646). Presentation of a claim to a school board within three months after its accrual is a condition precedent which must be pleaded and proved in order to maintain an action against a school board (Matter of Board of Educ. [Heckler Elec. Co.], 7 NY2d 476; Matter of Lindsey v Board of Educ. (64 AD2d 856). The failure to present a claim within the applicable period is ordinarily a bar to that cause of action and it makes no difference that the cause of action is asserted by way of counterclaim (see Hart v East Plaza, 62 AD2d 113, mot for lv to app dsmd 45 NY2d 776; County of Nassau v Wolfe, 51 Misc 2d 848; County of Broome v Binghamton Taxicab Co., 190 Misc 925).
The defendant’s counterclaims do not include a verified notice of claim as required by section 3813 of the Education Law and more than three months have passed since the accrual of each claim.[1] The defendant, in fact, does not assert that she gave proper notice to the plaintiff. There is nothing in the record presented to indicate an estoppel or waiver by the Board of Education raising the defense of section 3813 of the Education Law (cf. Welsh v Gindele & Johnson, 50 AD2d 971), nor does the defendant allege that any of the exceptions to the statute are applicable (Matter of Grey v Board of Educ., 60 AD2d 361).
Notwithstanding that her time to comply with section 3813 of the Education Law has expired, the defendant alleges her counterclaims can be interposed pursuant to CPLR 203 (subd [c]). The language of that section relied on by the defendant provides as follows:
"Method of computing periods of limitation generally. * * *
"(c) Defense or counterclaim. * * * [I]f the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.”
*635 Under former section 61 of the Civil Practice Act a cause of action, which was not maintainable by reason of the Statute of Limitations, could not be interposed as a defense or counterclaim. In 1958 the Advisory Committee on Practice and Procedure in its Second Preliminary Report proposed a revision "of those sections of the civil practice act affecting statutes of limitation.” (Second Preliminary Report of Advisory Committee on Practice and Procedure, 1958, p 43.) In regard to what is now CPLR 203 (subd [c]), the committee stated at page 50: "The proposed provision would allow a counterclaim, which would otherwise be barred, if it arose from a transaction or occurrence upon which the plaintiff’s right to relief depends. Further, a defense or counterclaim unrelated to the adversary’s claim may be effectively interposed under the proposed provision if it was not barred at the time of the commencement of the action. See New York Statutes of Limitation at p. 492 infra. ”
While it seems evident that CPLR 203 (subd [c]) applies to defenses and counterclaims barred by the various Statutes of Limitation, there is nothing in its language or history to indicate that it applies to counterclaims barred by a failure to file a notice of claim as required by section 3813 of the Education Law. Nor has the defendant provided the court with any case law which would support such a finding.[2] Section 3813 of the Education Law is not a Statute of Limitations but is a condition precedent to the maintenance of the action (State of New York v Waverly Cent. School Dist., 28 AD2d 628, mot for lv to app den 20 NY2d 646, supra) and the court has no discretion to excuse noncompliance (Lindsey v Board of Educ., 64 AD2d 856, supra).
*636 Accordingly, the plaintiffs motion to dismiss the defendant’s counterclaims for failure to comply with the notice of claim provision in section 3813 of the Education Law is granted.
Finally, it should be noted that to the extent the defendant asserts as a bar to recovery, that the plaintiff and not the defendant breached the employment contract, such defense may be relied upon by the defendant at trial.

. To the extent that the defendant alleges damages for "pain and suffering” in her first counterclaim and for negligence in her second and third counterclaims, her counterclaims appear to sound in tort. Subdivision 2 of section 3813 of the Education Law provides that when a tort claim is made against a school district, the provisions of sections 50-e and 50-i of the General Municipal Law must also be complied with. Inasmuch as it was not raised or argued by the parties and particularly in light of the decision reached herein, it is not necessary for the court to reach the question of defendant’s compliance with the General Municipal Law.

. It is true that where a counterclaim seeks primarily equitable relief, which apparently would encompass a claim in recoupment (Rochester-Genesee Regional Transp. Dist v Trans World Airlines, 86 Mise 2d 1011; General Municipal Law, § 50-el or setoff (Long Beach Trust Co. v Warshaw, 264 NY 331; Banking Law), the requirement that a notice of claim be filed timely does not apply (Hart v East Plaza, 62 AD2d 113, mot for lv to app dsmd 45 NY2d 776, supra). Here the defendant does not seek reduction or recovery back from plaintiff’s claim but rather seeks affirmative relief. Moreover, the exception that a notice of claim does not have to be filed when the relief sought is based on equitable principles is not applicable to the notice of claim provision contained in section 3813 of the Education Law (Grey v Board of Educ., 60 AD2d 361, supra; Todd v Board of Educ., 272 App Div 618, affd 297 NY 873; see Accredited Demolition Constr. Corp. v City of Yonkers, 37 AD2d 708). As the Court of Appeals stated in P. J. Panzeca, Inc. v Board of Educ. (29 NY2d 508, 510): "Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result (Munroe v. Booth, 305 N. Y. 426, 428).”