■ MILLU ROSENBLATT-ROTH, Appellant, v OLGA ROSENBLATT-ROTH, Respondent.—Judgment unanimously modified, by deleting the first decretal paragraph insofar as it dismisses plaintiff's cause of action for a divorce, and a new trial granted on that cause of action in the interest of justice, and otherwise judgment affirmed, without costs. Memorandum: Plaintiff commenced this matrimonial action in April, 1972 seeking an annulment of his marriage to the defendant on the ground of fraud or, in the alternative, a divorce on the grounds of cruel and inhuman treatment. The defendant's counterclaim for a divorce was also based on alleged cruel and inhuman treatment. The trial court dismissed plaintiff's causes of action and defendant's counterclaim. Plaintiff appealed, contending that the trial court erred in refusing to grant plaintiff judgment inasmuch as it found defendant guilty of cruel and inhuman treatment, and the record supported such a finding. We reserved decision and remitted the matter to the trial court to make findings of fact *(Rosenblatt-Roth v Rosenblatt-Roth,* 64 AD2d 856). The trial court, however, reported its present inability to make findings and recommended a trial *de novo.* We have no alternative but to reverse the judgment dismissing plaintiff's cause of action for a divorce based on cruel and inhuman treatment and grant a new trial in the interest of justice. An intelligent review of the decision of the trial court cannot be had in the absence of findings essential to the trial court's decision (CPLR 4213, subd [b]; *Matter of Gray v Rose,* 30 AD2d 138, 142; *Conklin v State of New York,* 22 AD2d 481, 485). The inability of the trial court to state any facts in support of its determination after the case was remitted for the purpose of formulating findings of fact constitutes fundamental error and, in the interest of justice, there should be a new trial (see *Rodriguez v Cato,* 63 AD2d 922, 923; *Di Grazia v Castronova,* 48 AD2d 249; *Power v Falk,* 15 AD2d 216). (Resubmission of appeal from order of Erie Supreme Court—divorce.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WASHINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: Although it was erroneous for the trial court to have permitted testimony as to the criminal history of defendant's family into evidence, in light of the overwhelming proof of guilt in this record, the error was harmless *(People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe County Court—robbery, first degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.