■ Edward F. Spedding, Respondent, v Harold Bowman, as Superintendent of Board of Cooperative Educational Services, et al., Appellants.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Petitioner was hired by respondent BOCES as adult coordinator/ industrial business liaison in September 1970. Petitioner sought and was appointed to the position of job placement coordinator effective July 1, 1978. Petitioner held this position until it was abolished effective July 1, 1979.

Effective March 1, 1985, John Grimes was appointed by respondent BOCES to a newly created position of coordinator, JPTA/PIC training programs. Petitioner by letter dated April 7, 1988 demanded appointment to the position held by Grimes pursuant to Education Law § 2510 (3). Respondent Bowman refused petitioner's demand for reinstatement on the ground that the positions of job placement coordinator and coordinator, JPTA/PIC training programs were not similar. Petitioner commenced this CPLR article 78 proceeding seeking judgment directing respondents to appoint him to the position of coordinator, JTPA/PIC training programs with full back pay and benefits. Respondent interposed an answer containing three separate affirmative defenses: (1) petitioner failed to present a

written verified claim pursuant to Education Law § 3813 (1), a condition precedent to bringing this proceeding; (2) petitioner is guilty of laches in asserting his claim; and (3) the positions of job placement coordinator and coordinator, JTPA/PIC training programs were not similar within the contemplation of Education Law § 2510 (3).

Special Term concluded that since this proceeding sought vindication of a public interest, the provisions of subdivision (1) of Education Law § 3813 are inapplicable. This was error. We conclude that Education Law § 3813 (1) is applicable to this proceeding. While "tenure rights * * * are legal rights guaranteed by State law and in the public interest" *(Matter of Cowan v Board of Educ.,* 99 AD2d 831, 833, *appeal discontinued* 63 NY2d 702), where a proceeding brought by a teacher seeks enforcement of a private right, back pay and benefits, as here, Education Law § 3813 (1) applies *(Matter of Vail v Board of Coop. Educ. Servs.,* 115 AD2d 231, 232, *lv denied* 67 NY2d 606; *Matter of Lindsey v Board of Educ.,* 64 AD2d 856, *revd on other grounds* 48 NY2d 646; *Board of Educ. v Southern,* 97 Misc 2d 631, *affd* 72 AD2d 976; *Todd v Board of Educ.,* 272 App Div 618, *affd* 297 NY 873).

The notice of claim required under Education Law § 3813 (1) is a statutory condition precedent to bringing an action or proceeding against a school district or a board of education *(Matter of Board of Educ. v Nyquist,* 48 NY2d 97). Failure to comply is a fatal defect mandating dismissal of the action *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 548). In view of our determination, we do not address respondents' remaining contentions. (Appeal from order of Supreme Court, Ontario County, Henry, Jr., J.—art 78.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.